Daniel Judge,
 

 after stating the case as above,-proceeded as follows:—
 

 We are of the opinion, that the plaintiff has no right to have priority in satisfaction of his debt, out of the balance of the purchase money which remained in Willjams’s hands, after satisfying Foreman’s deed in trust.. It is true, that Clark’s judgment against Hines and Briley, and the execution issued on the same, were prior in point of time to that of the defendant Sugg. But the plaintiff, who was jointly bound with Hines in the judgment, paid the same to Anderson, who was Clark’s agent upon record, and authorised to receive the debt. The writ against Hines being in the name of Clark, “
 
 to the use of Anderson,”
 
 and all the proceedings in the cause so entitled, it was notice to the world of such agency, and Clark \Vas bound by the act of Anderson, within the authority given him.
 
 Clark
 
 
 *368
 
 v.
 
 Shields,
 
 3 Hawks, 461. Notwithstanding the plaintiff did not intend to extinguish the judgment, by paying Anderson the amount, yet in a court of Jaw and in a court of equity, it would have that effect. We have determined it would be so at law, in the case of
 
 Sherwood
 
 v.
 
 Collier,
 
 3 Dev. 380. Is payment simply of a judgment of record, such an extinguishment of it, as to deprive a subsequent
 
 bona fide
 
 assignee of any remedy in a court of equity against the judgment debtor ? To an action on a record, a plea of payment was not good at common law. But if a judgment of record had been paid, the defendant had a right to demand a warrant to some attorney of the court, authorising him to enter up satisfaction on the roll. 1 Archb. Prac. 325. 2 Saund. Pr. C. 713. But by the statute of 4 Ann. c. 16, § 12, payment may be pleaded to an action on a judgment, if the whole judgment be satisfied. 1 Chitty’s Pl. 426. In analogy to the case of a bond in England, it seems to us that the assignee would have no remedy against the judgment debtor. If one have a bond in England, where bonds are not negotiable, and receives the money due upon it, and afterwards assign it for valuable consideration; as unsatisfied, to another, who has no notice of the payment, yet the purchaser can have no avail of this bond.
 
 Turton
 
 v.
 
 Benson, 1
 
 P. Wms. 497. S. C. 2 Vern. 764. 1 Stra. 240. If the plaintiff, (a surety,) had taken an assignment of the judgment against his principal and himself to a stranger, and did not intend satisfaction, then the judgment would not have been extinguished; and as execution had been issued on the same, it would have held its rank in the scale of priorities.
 
 Hodges
 
 v.
 
 Armstrong,
 
 3 Dev. 253. But that has not been the case here. The plaintiff has paid the debt to the judgment creditor; by which payment he has reduced himself to the situation of a simple contract creditor of Hines.. The general rule is, that if one of two joint obligors,, being a surety, pays off the debt, he is at law merely a simple contract creditor of the principal; if the principal dies, equity will not convert him into a specialty creditor.
 
 Copes
 
 v.
 
 Middleton,
 
 1 Turn. 231.
 
 Workington
 
 v.
 
 Sparks,
 
 2 Ves. 569, (as toad-ministration of deceaseds’ estates, the act of assembly, makes the surety, who has paid a bond, &c. a specialty
 
 *369
 
 creditor.) In
 
 Jones v. David,
 
 4 Russel, 277; (3 Cond. Ch. Rep. 665,) the plaintiff joined the testator as surety in a bond, which he paid after the death of the testator, taking an assignment of the bond; he was still only a simple contract creditor to the testator. The assignment was but an idle formality; the assignment of an instrument, which had ceased to have any legal force, could not confer any legal rights. The plaintiff, as a creditor of Hines, cannot, in this court, follow the assets in the hands of Williams, a third person, without first obtaining a judgment upon his simple contract debt against Hines, and failing to get satisfaction by execution at law.
 

 The bill must be dismissed, but without costs, as the defendant did not demur.
 
 (Jones
 
 v.
 
 David, ubi supra.)
 

 PeR CüRiam. Bill dismissed.