At the appearance term of the court the plaintiff filed his complaint and the defendant filed her answer thereto, and an order of reference was entered. At the next succeeding term, in the course of the action, the plaintiff, in open court, moved, upon affidavit, deemed pertinent and sufficient, for an injunction. One of the counsel of the defendant appeared and opposed the motion.
The following is the material part of the case settled on appeal:
"Counsel for the defendant voluntarily entered an appearance for the purpose of resisting the motion for an order restraining the defendant until the hearing. The facts set forth in the affidavit were admitted to be true by defendant's counsel in open court. Upon this admission and after full argument the motion was granted.
"After the order had been signed granting the injunction, counsel for the defendant gave notice that they would pray for an appeal upon the ground that the order was issued improvidently, being without notice. The court, with the consent of the plaintiff's counsel, then offered again to allow the defendant to file affidavits to the merits and to (380) open up the case, if the allegations were denied or the equities of plaintiff contested, which counsel refused to do, but stated that they would rely on want of notice as the ground of appeal."
Thereupon the defendant appealed. *Page 280 
It was suggested, on the argument here, that this action was improvidently brought, because the plaintiff might have obtained the relief sought by it and the motion in question in a pending special proceeding. But no question in that respect is presented by the assignment of error or by the record proper. The single ground of exception is that the order granting the injunction was made without notice to the defendant.
The statute (Code, sec. 340) prescribes that "an injunction should not be allowed after the defendant shall have answered, unless upon notice or upon an order to show cause," etc. In the present case the defendant was in court and bound to take notice of what was done pending the action in its course in term time, and she did actually appear, by her counsel, and resist the motion for an injunction. She had notice and acted upon it.Sparrow v. Davidson, 77 N.C. 35; University v. Lassiter, 83 N.C. 38.
Where a motion is made in the course of an action in term time, and by inadvertence or mistake a party fails to take notice as, regularly, he ought to do, the court upon application might and in a proper case should, in its discretion, grant the opposing party opportunity to be heard and make opposition, as the court did offer to do in this case. If time to prepare to make opposition should be required and necessary (381) the court might grant it. It is in case of motions and proceedings in an action out of term time that a special notice to the adverse party must generally be given. But in such cases, if the opposing party should appear, by himself or his counsel, he would ordinarily have been deemed to have taken actual notice and to have waived formal notice. The law intends to afford all parties to actions and proceedings just opportunity to be heard in all proper respects and on like occasions, whether they be plaintiffs or defendants, but it will not encourage obstinacy or a disposition in them to be merely vexatious in and about the litigation.
There is no error in the order appealed from.
Affirmed.
Cited: Coor v. Smith, 107 N.C. 431; S. v. Johnson, 109 N.C. 855;Harper v. Sugg, 111 N.C. 327; Zimmerman v. Zimmerman, 113 N.C. 434;Stith v. Jones, 119 N.C. 430; Patrick v. Dunn, 162 N.C. 20; School v.Peirce, 163 N.C. 426; Wooten v. Dairy Co., 169 N.C. 66; Hardware Co. v.Banking Co., ib., 746; Jones v. Jones, 173 N.C. 283. *Page 281