R. H. T. HARPER v. ABRAM SUGG.

*Motions and Orders—Judgment—Notice.*

1. Judgments and orders are *in fieri* during the term they are rendered, and motions may be made to set them aside without notice; but after that term such motions can only be heard after due notice.

2. A motion heard upon verbal notice given on the day of the hearing is irregular, and should have been dismissed.

This was a CIVIL ACTION for the recovery of personal property, tried by *Winston, J.,* at the April Term, 1892, of GREENE Superior Court.

At November Term, 1891, an order was made referring the case to a referee to hear and determine the issues involved, and a report was accordingly submitted to the next term of the Court (in January, 1892); and there being no exceptions to the report, it was confirmed, and judgment rendered in favor of the defendant.

And at the next term (in April, 1892), his Honor set aside said final judgment upon the *ex parte* affidavit of Swift Galloway, without any notice of a motion, for that purpose, being served on the defendant or his attorney, except an oral notice made in open Court on Wednesday of the term.

The said affidavit was submitted to his Honor about 11:30 o'clock P. M. of the said Wednesday, and the Court adjourned the following morning at 8 o'clock.

The following order was made:

"The Court having read and considered the affidavit of Swift Galloway (attorney at law), is of opinion, and so adjudges, that the plaintiff has not been guilty of any laches in filing his exceptions, and that the judgment heretofore rendered was inadvertently given."

And the Court thereupon adjudged that the same be vacated and set aside, and that the case stand for trial at the next

term. From which judgment the defendant appealed, and excepted upon the following grounds, to-wit:

1. No notice of motion to set the judgment aside and allow plaintiff to file exceptions was given to defendant or his counsel.

2. The affidavit upon which the Judge acted was *ex parte,* and failed to disclose any merits or any errors in referee's report.

3. The exceptions filed by plaintiff do not state clearly what facts or issues the plaintiff desired to be submitted to the jury.

4. His Honor erred in granting a trial upon the whole case, and in not specifying the issues to be tried by the jury.

The affidavit of Swift Galloway is as follows:

"1. That he is the attorney for the plaintiff in this action.

2. That at the last term of this Court, a term of the Superior Court of Pitt County was in progress, the last-named term having begun one week before that of this Court.

3. About the middle of said Court in Pitt, the trial of an indictment for murder in that Court began, in which this affiant was engaged as counsel for the prosecution, which, at the beginning of the trial, this affiant and his associates in that case had good reason to believe, and did believe, would be concluded before the end of the said first week, but on account of the indisposition of the presiding Judge and some of the counsel of the defendant in the indictment, it became necessary to protract the trial for several days longer.

4. That notwithstanding his employment in that case, and the importance of his constant attendance as counsel in it, this affiant left the said Pitt Court on Saturday night of said first week to attend the said Court in Greene County, and did attend the last-named Court through the first day of the term.

5. That on the said first day of the last-named term, this affiant informed his Honor Judge Winston, holding the said

Court in Greene County, that he had a large number of cases on the docket of that Court, among them this action, and asked his Honor to put off such cases as could not be tried on said first day until the following Thursday, as his presence was urgently requested in said capital trial in Pitt Court, and he accordingly felt it his duty to leave that night for Greenville, but that he would certainly return to attend Greene Court early Thursday morning.

6. That accordingly Judge Winston announced that this affiant's causes would stand postponed until said Thursday morning, and this action was one among the causes in which affiant appeared that could not be disposed of on the first day of the term; that in fact, owing to the lateness of the filing of the referee's report herein; it was impossible to prepare and file exceptions to the same on said first day of Greene Court.

7. That according to this affiant's promise to the Court, and the understanding had about his cases, he duly returned to Snow Hill to attend Greene Court early Thursday morning, but on his arrival he found that the Court had adjourned on the preceding night, and he also discovered, to his surprise, that a judgment had been entered against his client (the plaintiff) in accordance with the report of the referee.

8. That this affiant's client in this action was in no *laches* whatever in any delay in filing exceptions during said term, and is not, in any sense or respect, responsible for the failure to file the same before the adjournment of said Greene Court.

Sworn and subscribed by the affiant on April 13, 1892."

No counsel for plaintiff.
*Mr. George M. Lindsay,* for defendant.

CLARK, J.: The action of the Court below was erroneous, certainly on the first of the grounds specified by the appellant.

While all orders and judgments are *in fieri* during the term at which they are made, and may be modified or set aside at such term without notice, after such term a final judgment cannot be set aside except upon notice given.     *Branch* v. *Walker*, 92 N. C., 87; *Allison* v. *Whittier*, 101 N. C., 490; *Coor* v. *Smith*, 107 N. C., 430. This is but right and just. A judgment is *finis litium*, and parties are not required thereafter to keep counsel on hand at the succeeding terms of the Court lest an order affecting the judgment should be made.     When notice of a motion is necessary, the statute prescribes that it must be served ten days before the time appointed for the hearing, though the Judge may, by an order to show cause, prescribe a shorter time.     *The Code*, § 595.     This was not done here. The notice was given verbally, and the appellant might, if he had chosen, have added this as a fifth ground of exception. *The Code*, § 597.     It was given on the very day the motion was heard, and doubtless the appellant was deprived of opportunity to file counter-affidavits.     The appellee was fixed with notice of the judgment taken at the preceding term (*University* v. *Lassiter*, 83 N. C., 38; *Hemphill* v. *Moore*, 104 N. C., 379); besides his affidavit sets out that he had actual notice.     He had ample opportunity, and should have served legal notice in proper time of his intention to move to set the judgment aside so that the opposite party might have been prepared to meet him.     This renders it unnecessary to consider the other assignments of error.     As the case does not go off on the merits, the appellee is not deprived of the right to renew the motion upon proper notice, if within the time prescribed by the statute.     *The Code*, § 274.

PER CURIAM.                                             Error.