BANK OF NORTH WILKESBORO and S. J. GENNINGS v. WILKESBORO HOTEL COMPANY.

(Filed 13 May, 1908).

1. **Principal and Surety — Judgment, Assignment of — Payment by Surety.**

   When a surety pays a judgment rendered against his principal and himself, without having it assigned to some third person for his use, the judgment is cancelled as to both, and a motion for leave to issue execution (Revisal, sec. 620) should not be granted.

2. **Principal and Surety—Judgment—Payment by Surety—Statutory Remedy—Constitutional Law—Legislative Power.**

   Revisal, sec. 2842, providing that a surety who shows that he has paid out money upon a judgment against his principal and himself may have a citation issued to the principal by the Clerk to show cause why execution should not be awarded him therefor, is constitutional.

3. **Same—Substantial Compliance.**

   A notice issued by a court of competent jurisdiction, served upon the secretary and treasurer of a corporation, to show cause why an execution should not be awarded in favor of a surety who has paid a judgment against the corporation and himself, which sets out the date and amount of the judgment, the relation of the parties, that the surety has actually expended money in payment of said judgment, and that the principal has not reimbursed him, is a compliance with section 2842, Revisal.

**4. Same—Surplusage.**

While, under Revisal, sec. 2842, the court may not revive a dormant judgment against the principal and the surety, an order otherwise valid is not rendered void by the addition of the words "that the judgment heretofore rendered is hereby revived, to the end that execution may be issued." The last sentence will be regarded as surplusage.

**5. Same—Jurisdiction—"Clerk of Court"—Interpretation.**

The jurisdiction, under Revisal, sec. 2842, is conferred upon the Clerk by virtue of Revisal, sec. 352, providing that "the words 'Superior Court' or 'court' mean the Clerk of the Superior Court, unless otherwise specifically stated, or unless reference is made to a regular term of the court."

**6. Principal and Surety—Judgment—Payment by Surety—Execution—Notice to Show Cause—Time—Statutory Provision—Implied.**

Revisal, sec. 2842, giving the surety, who has paid a judgment rendered against himself and his principal, the right to have an execution awarded against his principal, will be strictly construed. The time of notice not being specified, a reasonable time must be given. Ten days is sufficient, under Revisal, sec. 877.

**7. Principal and Surety—Revisal, sec. 2842—Judgments—Motion to Set Aside—Defense Shown—Insufficiency.**

Parties moving to set aside an order for irregularity, made under Revisal, sec. 2842, must set out their defense.

ACTION heard on motion to revive judgment, by *Ferguson, J.,* at January Term, 1908, of WILKES.

On 4 March, 1895, the Bank of Wilkesboro recovered judgment against the Wilkesboro Hotel Company, principal, and S. J. Gennings, surety, for $757, interest and cost. Execution was issued thereon and the amount, with commissions, etc., paid by said Gennings, 6 September, 1895. The execution was duly returned, showing payment. Some time thereafter, the date not appearing, the Bank of Wilkesboro made an assignment of the judgment to said Gennings. This appears on the judgment docket. On 2 September, 1901, upon motion of Gennings, based upon his affidavit, a notice was issued by the Clerk of the Superior Court to the Wilkesboro Hotel Company, reciting the foregoing facts and directing said defendant to show cause on a day named "why execution

should not issue on said judgment," etc. This notice was served on Milton McNeill, secretary and treasurer. On the return day, 12 September, 1901, the Clerk of said court made an order reciting the foregoing facts and finding as a fact that the judgment had not been paid; that defendant failed to appear and show cause why the motion should not be granted; that Gennings had exhibited a receipt showing the payment of the judgment by him. The order concluded: "It is therefore considered, ordered and adjudged by the court that S. J. Gennings recover of the Wilkesboro Hotel Company the sum of $837.12 and cost of this proceeding, and that the judgment heretofore rendered in this case is hereby revived, to the end that execution may be issued for the above amount in favor of said S. J. Gennings, surety as aforesaid." No execution had issued on said judgment since 1895. Milton McNeill, secretary of the Wilkesboro Hotel Company, did not inform any of the stockholders or other persons interested in the said company or its property that said notice had been served on him. The said company had ceased to transact any business and had not for several years held a stockholders' meeting. Said company had not dissolved. The Clerk issued an execution, on 12 September, 1901, on said judgment, and the Sheriff levied it upon certain personal property as the property of said company. On 2 October, 1901, J. R. Henderson and J. R. Combs, stockholders of said company, filed an affidavit before the said Clerk setting out certain facts, but not alleging that said judgment had been paid to said Gennings, as the basis for a motion which was then made before said Clerk to set aside and vacate said order of 12 September, 1901, upon the ground of excusable mistake or neglect. It is not necessary at this point to set out the facts alleged in said affidavit. The Clerk, upon hearing the motion, made an order setting aside the judgment theretofore rendered by him, "exercising the discretion vested by law." He did not find any facts as the basis of this order. He gave to the movers twenty days

in which to file their answer, 4 October, 1901. From this order Gennings appealed to the October Term of the Superior Court. At the Special Term, 1902, of said court, counsel for Gennings moved the Judge presiding to set aside and vacate the order of the Clerk of 4 October, 1901. Counsel for the stockholders moved the Judge to dismiss the appeal for that it had not been prosecuted with diligence. His Honor, *Judge Winston,* refused to dismiss the appeal. The stockholders excepted. The Judge found the facts set out in the record and, being of the opinion that the motion should be heard by the resident Judge or the Judge holding the courts of the district, refused the motion by counsel for Gennings, to which they duly excepted. The appeal was not docketed on the civil issue docket, but the papers in the cause have been on file since 4 October, 1901. At the October Term, 1906, his Honor, *Judge Bryan,* directed the cause to be placed on the civil issue docket to be heard on its merits. Defendants excepted. At the January Term, 1908, his Honor, *Judge Ferguson,* heard the cause and made an order reciting, among other things, that it was a "proceeding brought by S. J. Gennings, a surety for defendant company, in the judgment in *Bank of Wilkesboro v. Wilkesboro Hotel Co.,* under section 2848 of the Revisal of 1905, before the Clerk of this Court, and it appearing further that said Clerk, on 12 September, 1905, rendered judgment in favor of S. J. Gennings, plaintiff, and adjudging and finding as a fact that S. J. Gennings has as such surety paid on said judgment the sum of $837.12 for the benefit of defendant, and awarding him judgment for that amount," etc. His Honor, being of the opinion that he had no authority to set aside the judgment of 12 September, 1901, vacated said order and adjudged "that the said S. J. Gennings be and he is hereby remanded to his rights under the judgment," etc. From this judgment Henderson and Combs appealed, assigning errors. No answer was filed in accordance with the order of the Clerk of 12 September, 1901.

*J. W. McNeill* and *F. B. Hendren* for plaintiffs.
*W. W. Barber* and *T. B. Finley* for defendant.

CONNOR, J. This proceeding has had a long and tedious journey through the court, coming to us in a somewhat different aspect from that in which it began its career. The original notice to defendant company was evidently intended as a basis for a motion for leave to issue execution pursuant to section 620, Revisal. The difficulty with which the surety, Gennings, was confronted consisted in the fact that upon payment by him of the execution in 1895 the judgment was cancelled and satisfied. In *Sherwood v. Collier,* 14 N. C., 380, it is held that the payment by the surety of the judgment against the principal and himself cancels it as to both. If the surety wishes to keep it in force he must have it assigned to a stranger for his benefit. In *Peebles v. Gay,* 115 N. C., 38, all of the cases are cited by *MacRae, J.,* and the conclusion thus stated: "It was early laid down by our Court that the only way for a surety to preserve the lien of the judgment against his principal in his own favor was, upon payment by him of the sum, to have the judgment assigned to a trustee for his use. If he permitted the judgment to be satisfied without any assignment the remedy of subrogation is lost." So, in *Briley v. Sugg,* 21 N. C., 366, it is held that an assignment to the surety who pays the judgment against his principal and himself operates as a payment. *Daniel, J.,* says: "Notwithstanding the plaintiff did not intend to extinguish the judgment by paying Anderson the amount, yet in a court of law and in a court of equity it would have that effect." *Hodges v. Armstrong,* 14 N. C., 253. It is held by many courts, and Mr. Brandt says it "is the better opinion," that when the surety does not intend to pay the judgment equity will subrogate him, without an assignment and remedies of the creditor, by appointing a trustee. Brandt on Suretyship, sec. 342, and notes. The question is not presented here, because, upon the motion before the Clerk, no equities can be administered. If

the effect of the Clerk's order is simply to grant leave to issue execution upon the judgment it cannot be sustained. There was no valid subsisting judgment upon which an execution could issue.

The counsel for Gennings, appreciating the difficulty confronting him, relies upon section 2842, Revisal, and insists that he is entitled to the relief therein provided. This section of the Revisal, which was enacted in 1797 and has been in force in this State since that time, provides: "That any person who may have paid money for or on account of those for whom he became surety, upon producing to the Superior Court or any justice of the peace having jurisdiction of the same a receipt, and showing that an execution has issued and he has satisfied the same, and making it appear by sufficient testimony that he has laid out and expended any sum of money as the surety of such person, may move the court or justice of the peace for judgment against his principal for the amount which he has actually paid, a citation having previously issued against the principal to show cause why execution should not be awarded; and should not the principal show sufficient cause the court or justice shall award execution against the estate of the principal." The interpretation of this statute does not appear to have been before this Court. It has been referred to in opinions wherein it is held that it affords a cumulative remedy to sureties, but does not preclude them from equitable remedies. We find that a similar statute exists in other States. With the exception of *Smith v. Smith,* 1 How. (Miss.), 102, it has been held constitutional. The only objection urged against it in that case was that it made no provision for trial by jury of the issues which could be raised. In a later case (*Dibrell v. Dandridge,* 51 Miss., 55) a statute very much of the same character was before the Court. It was held that, being in "derogation of the common law," it should be strictly construed, and "the person claiming the benefit of it must bring himself clearly within its pro-

visions." The statute provided that the payment of a judgment by the surety should operate as an assignment. In *Pait v. Pait,* 19 Ala., 712, *Chilton, J.,* does not question its validity, and holds that the notice given, "although exceedingly informal," complies with the "substantial requirement of the statute." The statute in Alabama is substantially like ours. In *Ayers v. Lewellin,* 3 Leigh (30 Va.), 660, a similar statute was sustained, the only question being its interpretation. They are generally held to be constitutional (Brandt on Suretyship, sec. 782), but are strictly construed. *Ib.,* 783. In *Brown v. Wheeler,* 3 Ala., 287, it is held that when a statute gives a summary remedy to a surety and no provision is made for notice, the principal is entitled to reasonable notice. We can perceive no constitutional objection to the statute. The liability of the principal to the creditor having been fixed by judgment, the only question open to him on the motion for summary judgment and execution is payment to the surety, or other matter discharging him from liability, or the statute of limitations. We do not see how the proceeding differs in any substantial respect from the motion by the judgment creditor for leave to issue execution after three years from the last execution. Revisal, sec. 620. Upon that motion the judgment debtor may plead judgment, satisfaction or the statute of limitations. *McLeod v. Williams,* 122 N. C., 451. While it is true the notice to defendant contemplates the issuing of an execution, it sets out the date and amount of the judgment, the relation of the parties, and that "Gennings has actually paid out and expended said sum of money in payment of said judgment, and that said hotel company has not reimbursed him for this amount," etc. The notice fixes a day—ten days after its service—to show cause, etc. It substantially complies with the statute. It was served on the secretary and treasurer of the corporation, as found by the Clerk and by *Judge. Winston.* The order or judgment recites all the facts required to be found by the statute, and con-

cludes.: "It is hereby considered and adjudged by the court that S. J. Gennings recover of the Wilkesboro Hotel Company the sum of $837.12 and cost of this proceeding." The court further adjudges "that judgment heretofore rendered in this case is hereby revived, to the end that execution may be issued," etc. This portion of the judgment is surplusage and in no manner affects the validity of the judgment proper. Has the Clerk jurisdiction to enter a judgment for the recovery of money? `By section 352, Revisal, it is provided that when jurisdiction or power is conferred or duties imposed, and "the words 'Superior Court' or 'court' are used, they mean the Clerk of the Superior Court, unless otherwise specially stated, or unless reference is made to a regular term of the court." It has never been doubted that it was competent for the Legislature to confer such jurisdiction upon the Clerk. Trial by jury is secured by directing the cause to be transferred to the civil issue docket for the trial of *issues* of fact raised by the pleadings. We can see no good reason for making a distinction between the jurisdiction conferred by section 2842 and section 620. It is suggested that the statute does not require notice to issue before judgment is rendered. The arrangement of the sentences is peculiar—"a citation having previously issued to show cause why execution should not be awarded." Reading the entire statute, we are of the opinion that these words, properly construed, require notice. If this is not a permissible construction, section 877 of the Revisal provides that in all cases when a motion is heard upon notice ten days shall be allowed. When a statute confers power upon a judicial tribunal or an administration agency to render judgment or make an order affecting rights of person or property, and no provision is made for notice, the court will require a reasonable notice, fixed, as we have seen, at ten days, this being the time within which a summons is required to be served before the first day of the term. Certain stockholders of defendant moved the Clerk to set aside the judg-

ment, setting forth in an affidavit the grounds of the motion. Waiving the question. whether they had a right to make the motion—whether it should not have been done by some officer of the corporation—we do not find that they set out any defense to the motion for judgment. It does not deny the fact of payment by Gennings of the judgment, or allege that he has been paid the amount. It sets up a default on the part of Milton McNeill in notifying them of the motion or making a defense, but does not aver that he had any defense. It sets out certain facts, if true, which they suggest would make it inequitable for Gennings to enforce the judgment against some of the property of the corporation. This would not constitute any valid defense to his recovering judgment against the corporation. However this may be, we concur with his Honor, *Judge Ferguson,* that the Clerk "had no authority to set aside the judgment of 12 September, 1901. *Maxwell v. Blair,* 95 N. C., 317. It will be observed that, although the Clerk's order of 4 October, 1901, gave the movers leave to file an answer, they have not done so. If the claim of Gennings was bound by the statute of limitations the defense should have been made by answer. Upon a careful examination of the entire record we concur with his Honor that the order of 4 October, 1901, setting aside the judgment of 12 September, 1901, should be vacated. The judgment is so modified that an execution, when issued, be upon that judgment and not the original judgment, which, as we have seen, has been satisfied by the payment made by Gennings. .

Modified and Affirmed.