W. R. HOPKINS ET AL. v. HARVEY CRISP.

(Filed 30 May, 1914.)

1. **Deeds and Conveyances—Color of Title—Nonsuit—Limitation of Actions.**

   Defendant's possession under color is insufficient to ripen his title to lands, where it is shown that plaintiffs' predecessor in title brought suit for the lands before the defendant had been in possession seven years, which action was nonsuited and another action was again instituted by the plaintiffs within a year.

2. **Judgments — Collateral Attack—Nonsuit—Independent Action— Motion in the Cause.**

   A judgment may not be set aside for irregularities in an independent action, the proper procedure being in the original cause; and where the original action has been nonsuited, and another action has been brought upon the same subject-matter, between the same parties in interest, a defendant may not introduce evidence tending to show that he had not authorized an answer to be filed for him, to repel the bar of the statute of limitations, when the complaint therein was against all of the defendants who ostensibly had answered and proceeded with the trial of the cause to judgment, which appears to be regular on its face.

APPEAL by defendant from *Carter, J.,* at Spring Term, 1914, of GRAHAM.

This is an action in the nature of an ejectment, tried upon these issues.:

166—7

1. Are the plaintiffs named in the complaint the owners of the land described in the complaint, and entitled to the possession of the same?

2. Is the defendant, Harvey Crisp, in the unlawful possession of that part of the land described in his answer?

At the close of all the evidence the court instructed the jury that if they believed the evidence, they would answer both issues "Yes." To these instructions the defendant excepted.

The jury answered both issues "Yes," and the defendant moved for a new trial. Motion denied. Exception by the defendant. The court rendered the judgment appearing in the record, and the defendant excepted and appealed to the Supreme Court.

*M. W. Bell and Zeb Weaver for plaintiff.*
*R. L. Phillips for defendant.*

BROWN, J. It is admitted that the plaintiffs have shown title in themselves, unless the defendant, Harvey Crisp, has shown title by color and adverse possession. We think the evidence of adverse possession is insufficient. The evidence of the appellant tended to show he had been in possession since 1898. ·

The plaintiffs offered in evidence the record of an action for the recovery of these lands, brought against John M. Crisp, Harvey Crisp, and Allen Crisp, by summons issued 17 March, 1903. This cause was tried two or three times in Graham, and was removed to Jackson and nonsuited in 1909, and the summons in the present case was issued in 1909.

From the time he entered in 1898 until the summons was issued, 17 March, 1903, in the case of *Archer et al. v. John M. Crisp and Harvey Crisp,* was less than seven years. The plaintiffs in that suit were the predecessors in title of Hopkins. The defendant claims he was not served with summons, but the complaint is against the defendant, Harvey Crisp, and all the defendants answered.

The defendant, Harvey Crisp, proposed to prove that he did not authorize an answer to be filed for him. His Honor properly excluded such evidence. A record of this kind cannot be thus collaterally attacked.

It is well settled that where it appears upon the face of the record that the court had acquired jurisdiction of the parties and of the subject-matter of the action, the judgment therein is valid, however irregular it may be, and it must stand until set aside in a proper proceeding by competent authority. *England v. Garner,* 90 N. C., 197; *Harrison v. Hargrove,* 120 N. C., 106.

No error.