BILLIE BURNS, By His Next Friend, MRS. PETER BURNS, v. NORTH STATE LAUNDRY, Incorporated.

(Filed 8 February, 1933.)

1. **Trial E h—Under facts of this case plaintiff is entitled to new trial for jury's uncertainty as to evidence and law.**

   In this case the jury was excused from Thursday until the following Tuesday while having the case under consideration. Upon resuming deliberations, the foreman inquired of the attending officer whether the judge would not again read his charge. The court was not informed of the request and did not reread his charge, but gave additional instruction upon request of defendant's counsel in the absence of plaintiff's counsel: *Held,* the plaintiff is entitled to a new trial upon his appeal from an adverse verdict, it being apparent that the minds of the jury needed refreshing in regard to the evidence and law under the facts disclosed by the record.

2. **Same—Court may give further instructions in absence of counsel.**

   All parties properly in court are charged with notice of proceedings while the action is pending and the court in session, and the court while in regular session may, except in certain cases, give additional instructions in the absence of counsel.

APPEAL by plaintiff from *MacRae, Special Judge,* at May Special Term, 1932, of MECKLENBURG. New trial.

Civil action brought by an infant twenty-two months of age, by his next friend, against the defendant to recover damages alleged to have been caused by the negligence of the defendant's agent in the operation of a truck.

The place of the accident is the home of the plaintiff situated on Turner Avenue in the city of Charlotte, known as the Burns Property. The Burns residence is twenty-two feet from the sidewalk on the west side of Turner Avenue, which runs north and south. The lot is about fifty feet wide; on the north side is a ten-foot alley. Between the alley and the house is a private driveway about 10 feet in width. The front yard is open. The defendant's agent drove the truck into the driveway to deliver laundry and in backing the truck into the street ran upon

the plaintiff and inflicted injury for which the present action was instituted. The two issues of negligence and damages were submitted to the jury, and the first issue was answered No; the second was not answered. Judgment for defendant; appeal by plaintiff.

Counsel for the parties agreed that the clerk should take the verdict in their absence and in the absence of the court and that the usual motions, if any, should be made at a later time during the term. The charge was concluded on Thursday afternoon at three o'clock, and at four o'clock the jury applied to the court for additional or explanatory instructions. The instructions were given, Afterwards on the same day the court excused the jury until Monday at 9:30 a.m. and later until Tuesday morning.

When the jury returned, the foreman informed the deputy sheriff in charge of the court that the jury wanted further instructions, but the officer did not convey this information to the court. On Tuesday morning the defendant's counsel requested the judge, not while the court was in session, to give certain prayers for instructions based upon the defendant's contentions in respect to the evidence. These instructions were given in the absence and without the knowledge of the plaintiff's counsel. The jury had previously requested that the entire charge be read to them. This was not done. The plaintiff assigned as error exceptions 8-13 inclusive.

*John Newitt for plaintiff.*
*C. H. Gover and William T. Covington, Jr., for defendant.*

ADAMS, J. The court charged the jury on the afternoon of Thursday and excused them until the following Monday, and subsequently until Tuesday. For four days they were separated. When they returned to the courthouse on Tuesday morning to resume their deliberations the foreman inquired of the attending officer whether the judge would not again read his charge to the jury, but the officer "did not convey to the court the message of the foreman." On the same morning at the instance of the defendant's counsel the court gave the jury additional instructions. The request for these instructions was not made in open court or in the presence of the jury or of the attorney for the plaintiff. There is an intimation in the defendant's brief that the request was made at Chambers. This, however, is not necessarily the decisive question.

It is true as a general rule that all parties to an action when properly in court are charged with notice of proceedings which subsequently take place while the action is pending and the court is in session. *University v. Lassiter*, 83 N. C., 38; *Williams v. Whiting*, 94 N. C., 481; *Spencer*

*v. Credle,* 102 N. C., 68; *Coor v. Smith,* 107 N. C., 430. It is true, also, that the court while in regular session may, except in certain cases, give further instructions, although counsel are not present. *Biggs v. Gurganus,* 152 N. C., 173; *Bank v. Florida-Carolina Estates, Inc.,* 200 N. C., 480. See, also, *In re Will of Yelverton,* 198 N. C., 746.

This rule, however, must be considered in connection with the facts appearing in the record. While the occasion inducing a dispersing of the jury from Thursday until Tuesday is not given, we may assume that the experienced and capable judge who presided at the trial had sufficient reason for his order; but the request of the jury, made when they returned to the court, to say nothing of the difficulty of keeping in mind the distinguishing features of the charge during their separation, indicated the necessity of having their memory refreshed in regard to the evidence as well as the law and, without such assistance, the uncertainty of rendering a just verdict. This conclusion is altogether reasonable in view of the fact that in the absence of the plaintiff's counsel the defendant requested and obtained instructions which presumably were favorable to the defense. For these reasons the plaintiff is entitled to a new trial.

New trial.