H. A. COLLINS AND WIFE, PARALEE COLLINS, AND RUTH C. BROOK-
SHIRE, PETITIONERS, v. NORTH CAROLINA STATE HIGHWAY AND
PUBLIC WORKS COMMISSION, RESPONDENT.

(Filed 4 March, 1953.)

**1. Constitutional Law § 21: Notice § 3—**

The constitutional right of a party to notice of judicial proceedings
affecting his rights relates to original process whereby the court acquires
jurisdiction, and not to procedural matters after the court has acquired
jurisdiction. Constitution of North Carolina, Art. I, sec. 17. XIVth
Amendment to the Federal Constitution.

**2. Notice § 3—**

Where a cause is regularly docketed for hearing at a term of court, no
notice of any motion in the cause is necessary unless required by statute.

**3. Same—**

Notice must be given of all motions made before the clerk, since they are
perforce made out of term, except those grantable as a matter of course.
G.S. 1-581.

**4. Notice § 4—**

When notice of a motion is necessary, such notice must be in writing,
disclose the nature of the motion, and the time and place set for hearing,
and such notice must be served on the adverse party ten days before the
time appointed for the hearing unless the court prescribes a shorter time
by an order made without notice, and must be served by an officer unless
some other mode of service is particularly prescribed or service is accepted
by the adverse party or his attorney, subject to the exception that notice
may be served by publication when the adverse party cannot be found after
due diligence or is a nonresident. G.S. 1-581, G.S. 1-585, G.S. 1-588.

**5. Same—**

A party entitled to notice of a motion may waive notice, and attendance
at the hearing of a motion and participation in it constitutes waiver.

**6. Eminent Domain § 14—**

Except where specific provision is made in the statutes governing con-
demnation, the general rules respecting civil procedure and notice are
applicable to a special proceeding in condemnation. G.S. 40-11.

**7. Same—**

When the answer in a condemnation proceeding challenges the right of
petitioner to maintain the proceeding, the clerk must hear the matter and
pass upon the validity of the challenge before appointing commissioners,
and such hearing by the clerk may be had only after notice to the parties.
G.S. 40-16, G.S. 40-17.

**8. Same—**

Since G.S. 40-17 provides that the commissioners give the parties ten
days notice of their meetings except when meeting under the appointment
of the court or in an adjourned meeting, and G.S. 40-19 prescribes that

within twenty days after the filing of the commissioners' report any party to the condemnation proceeding may file exceptions, and implies that the clerk must hear and determine the exceptions only after notice to the parties, G.S. 1-404, is not applicable to condemnation proceedings.

**9. Same: Judgments § 27d—**

An irregular judgment is one rendered contrary to the method of practice and procedure established by law for the action or proceeding in which it is entered, and an order made without notice when notice should have been given is irregular, G.S. 1-582. A judgment in condemnation proceedings confirming the commissioners' report entered without notice to a party who has filed timely exceptions to the report, or a judgment confirming the report which is rendered before the expiration of the twenty days allowed by statute for the filing of exceptions to the report, is irregular.

**10. Judgments § 27d—**

An irregular judgment is not void but stands until set aside.

**11. Same—**

The proper procedure to set aside an irregular judgment is by motion in the cause, which, while not limited to one year after the judgment is rendered, must be made within a reasonable time, and movant must show that his rights had been injuriously affected by the judgment.

**12. Eminent Domain § 17—**

An order of the clerk confirming the report of the commissioners in condemnation proceedings is irregular if it is entered without notice to the parties or if it is entered prior to the expiration of the twenty days allowed by statute for the filing of exceptions to the commissioners' report, but such irregular order may not be attacked by appeal but may be set aside only upon motion in the cause.

APPEAL by respondent from *Gwyn, J.,* at December Term, 1952, of BUNCOMBE.

Special proceeding by owners to recover compensation for land actually taken by the State Highway and Public Works Commission for public use for highway purposes without bringing condemnation proceeding.

For convenience of narration, H. A. Collins, Paralee Collins, and Ruth C. Brookshire are called the petitioners, and the State Highway and Public Works Commission is designated as the respondent.

The only matter before us on this appeal is the record proper, which is susceptible of the construction put upon it in the numbered paragraphs set out below.

1. The petitioners brought this special proceeding against the respondent before the Clerk of the Superior Court of Buncombe County on 8 September, 1951, to recover compensation for a piece of land located in Asheville, which was taken by the respondent for public use in the exercise of its power of eminent domain. The petition alleged in detail that the petitioners owned the land at the time of its taking, and that the

respondent seized the property and devoted it to public highway purposes without bringing any proceeding for its condemnation. The petition prayed the appointment of commissioners to determine what compensation the respondent ought to make to the petitioners.

2. The respondent, which was served with summons on 14 September, 1951, filed an answer, admitting the taking. The answer pleaded in detail, however, that the petitioners were not entitled to maintain the proceeding for these reasons: (1) That the petitioners did not own the land at the time of the taking; and (2) that the petitioners did not bring the proceeding within six months from the date the project was completed as specified in a notice posted at the courthouse door of Buncombe County in strict compliance with the provisions of G.S. 136-19 as set out in Volume 3B of the General Statutes.

3. The Clerk of the Superior Court of Buncombe County did not conduct any preliminary hearing to determine whether or not the respondent's challenge of the petitioners' right to maintain the proceeding was valid.

4. The clerk nevertheless made an order on 2 February, 1952, whereby he appointed H. B. Posey, E. B. Roberts, and W. Z. Penland to serve as commissioners in the proceeding, and directed them to hold their first meeting "on the premises not later than 10 o'clock A. M. on the 9th day of February, 1952." This order was entered upon the motion of the petitioners. No prior notice in writing of the motion was served on the respondent or its attorneys. The judgment mentioned in paragraph 8 of this statement recites that the clerk conferred with "counsel for petitioners and respondent with respect to the appointment of commissioners to assess damages and benefits to the petitioners on account of the . . . taking of said lands" and that they "agreed to the appointment of H. B. Posey, E. B. Roberts, and W. Z. Penland, Commissioners, to act as jurors to assess damages and benefits in this cause."

5. The commissioners met on the premises described in the petition at 10 o'clock a.m. on 9 February, 1952, viewed the premises, and determined that the petitioners were entitled to recover $1,000.00 from the respondent as compensation for the taking of the land. No prior notice in writing of this meeting of the commissioners was given to the respondent or its attorneys.

6. Three days subsequent to the meeting of the commissioners, to wit, on 12 February, 1952, the respondent filed a paper writing in the cause, bearing the caption "Exceptions to Order Appointing Commission of Appraisal" and containing these recitals: "Now comes the North Carolina State Highway and Public Works Commission, respondent herein, through its counsel, and objects to the order appointing commissioners of appraisal . . . for the reason that . . . commissioners should not have

been appointed in this case for the reason that the answering respondent raised the question of the proceeding having been instituted within the statutory time allowed for . . . proceedings of this kind and pleaded the statute of limitations in bar of petitioners' right to prosecute the action." The paper writing closed in this fashion: "Wherefore, *the respondent respectfully files this exception to the report and award of the commissioners relating to the land embraced in this proceeding and prays that the report not be approved,* and appeals therefrom and demands a trial by jury of the issues of fact involved in these exceptions."

7. Six days later, *i.e.,* on 18 February, 1952, the commissioners filed their report with the clerk. The report bore the date "the 9th day of February, 1952," and contained this recitation: "We . . . do hereby certify that we met on the 9th day of February, 1952, at 10 o'clock A. M., and having first been duly sworn, we visited the premises of the owners, and on the 9th day of February, 1952, met at the courthouse with counsel, and after taking into full consideration the quality and quantity of the land aforesaid, we have appraised the value of the land appropriated and the actual damages and do assess the same at the sum of $1,000.00. We have estimated the special benefits at: None. We have estimated the general benefits at: None." No notice in writing of the filing of the report of the commissioners was given the respondent or its attorneys.

8. Nine days after the filing of the report of the commissioners, to wit, on 27 February, 1952, the clerk entered a judgment confirming the report of the commissioners. This action was taken without any prior or subsequent notice being given to the respondent or its attorneys by either the clerk or the petitioner.

9. More than four months later, to wit, on 2 July, 1952, the respondent noted an exception to the judgment entered by the clerk on 27 February, 1952, and undertook to appeal from such judgment to the judge at term. The respondent asserted in its notice of appeal that it was entitled to relief against such judgment because it had no notice of its rendition until July 1, 1952.

10. The petitioners thereupon moved to strike out the respondent's exception to the clerk's judgment and its notice of appeal on the ground that respondent had not taken an appeal from the clerk's judgment within the time allowed by law, *i.e.,* within ten days after its entry. G.S. 1-272. The petitioners' motion was heard by Judge Gwyn at the December Term, 1952, of the Superior Court of Buncombe County. Judge Gwyn entered an order sustaining the petitioners' motion, dismissing the respondent's appeal, and remanding the cause to the clerk. The respondent excepted and appealed, assigning Judge Gwyn's order as error.

*Don C. Young for petitioners, appellees.*

*R. Brookes Peters and Gudger, Elmore & Martin for the respondent, appellant.*

ERVIN, J.   The rules respecting notice in civil actions and special proceedings in general and in condemnation proceedings in particular are stated in the numbered paragraphs which immediately follow.

1. Notice to a party whose rights are to be affected by judicial proceedings in a North Carolina court is an essential element of the law of the land under Article I, Section 17, of the State Constitution, and due process of law under the Fourteenth Amendment to the Federal Constitution. *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717; *Surety Corp. v. Sharpe,* 232 N.C. 98, 59 S.E. 2d 593.   The notice required by these constitutional provisions in such proceedings is the notice inherent in the original process whereby the court acquires original jurisdiction, and not notice of the time when the jurisdiction vested in the court by the service of the original process will be exercised.   12 Am. Jur., Constitutional Law, Section 594.   After the court has once obtained jurisdiction in a cause through the service of original process, a party has no constitutional right to demand notice of further proceedings in the cause.   16 C.J.S., Constitutional Law, section 619.   Where there is no service of process, the court has no jurisdiction, and its judgment is void. *Stancill and Gay v. Gay,* 92 N.C. 455; *First Nat. Bank v. Wilson,* 80 N.C. 200.   "A void judgment is a nullity, and no rights can be based thereon; it can be disregarded, or set aside on motion, or the court may of its own motion set it aside, or it may be attacked collaterally."   McIntosh: North Carolina Practice and Procedure in Civil Cases, section 651.

2. The law does not require parties to abandon their ordinary callings, and dance "continuous or perpetual attendance" on a court simply because they are served with original process in a judicial proceeding pending in it. *Blue v. Blue,* 79 N.C. 69.   The law recognizes that it must make provision for notice additional to that required by the law of the land and due process of law if it is to be a practical instrument for the administration of justice.   For this reason, the law establishes rules of procedure admirably adapted to secure to a party, who is served with original process in a civil action or special proceeding, an opportunity to be heard in opposition to steps proposed to be taken in the civil action or special proceeding where he has a legal right to resist such steps and principles of natural justice demand that his rights be not affected without an opportunity to be heard. *Bank v. Hotel Co.,* 147 N.C. 594, 61 S.E. 570; 60 C.J.S., Motions and Orders, section 15.   These rules of procedure require proper notice of a motion for a judgment or an order affecting the rights of such party to be given to him "when notice of a motion is

necessary." G.S. 1-581; *Bank v. Hotel Co., supra;* 66 C.J.S., Notice, section 14. The notice required by these rules of procedure is hereinafter called procedural notice to distinguish it from the constitutional notice required by the law of the land and due process of law.

3. The law manifests its practicality in determining "when notice of a motion is necessary." When a civil action or special proceeding is regularly docketed for hearing at a term of court, notice of a motion need not be given to an adversary party, unless actual notice is required in the particular cause by some statute. This rule is bottomed on the proposition that all parties to a civil action or special proceeding are bound to take notice of all motions made and proceedings had in the action or special proceeding in open court during the term. *Harris v. Board of Education,* 217 N.C. 281, 7 S.E. 2d 538; *Burns v. Laundry,* 204 N.C. 145, 167 S.E. 573; *Hardware Co. v. Banking Co.,* 169 N.C. 744, 86 S.E. 706; *Hemphill v. Moore,* 104 N.C. 379, 10 S.E. 313; McIntosh: North Carolina Practice and Procedure in Civil Cases, section 990; 60 C.J.S., Motions and Orders, section 15.

4. Parties to civil actions or special proceedings are not bound to take notice of motions which are made out of term; and hence, except as to a motion grantable as a matter of course or a motion otherwise specially provided for by statute, notice of a motion made out of term must be given to an adversary party. *Jones v. Jones,* 173 N.C. 279, 91 S.E. 960; *Harper v. Sugg,* 111 N.C. 324, 16 S.E. 173; *Allison v. Whittier,* 101 N.C. 490, 8 S.E. 338; *Branch v. Walker,* 92 N.C. 87; McIntosh: North Carolina Practice and Procedure in Civil Cases, section 990; 60 C.J.S., Motions and Orders, section 15. The clerk of the Superior Court holds no terms of court. In consequence, all motions made before the clerk other than those grantable as a matter of course or those otherwise specially provided for by law must be on notice. *Bank v. Hotel Co., supra; Blue v. Blue, supra.* The rules mentioned in this and the preceding paragraph are thus epitomized in *S. v. Johnson,* 109 N.C. 852, 13 S.E. 843: "A party in court is fixed with notice of all orders and decrees taken at term, for it is his duty to be there in person or by attorney; but he is not held to have notice of orders out of term; nor of orders before the clerk."

5. A practical criterion for determining when an adverse party is entitled to notice of a motion made out of term is furnished by a New York court. "The true test as to necessity of notice of motion in a case not specially provided for, is . . . as follows: 'If upon the particular facts presented the applicant is entitled to the precise order applied for as a matter of strict right, and the adversary party is powerless to oppose, the order may be granted *ex parte,* even though it might be better practice to require notice to be given. But if the adverse party appears for any reason to be entitled to be heard in opposition to the whole or any part of

the relief sought, the application must be made on notice to such adverse party.' " *Shaw v. Coleman,* 54 N. Y. Super. 3, 3 N. Y. St. 534.

6. When notice of a motion is necessary, it must be in writing; it must disclose the nature of the motion, and the time and place set for its hearing; it must be served on the adversary party or his attorney ten days before the time appointed for the hearing, unless the court prescribes a shorter time by an order made without notice; and it must be served by an officer, unless some other mode of service is particularly prescribed, or service is accepted by the adverse party or his attorney. G.S. 1-581, 1-585; *Utilities Commission v. Mills Corp.,* 232 N.C. 690, 62 S.E. 2d 80; McIntosh: North Carolina Practice and Procedure in Civil Cases, section 990. Notice may be served by publication, however, in case the adversary party cannot be found after due diligence, or is not a resident of the State. G.S. 1-588. We know judicially that it is customary in practice for an attorney to accept service of notice in behalf of his client, and in that way waive service by an officer.

7. A party who is entitled to notice of a motion may waive notice. A party ordinarily does this by attending the hearing of the motion and participating in it. *White, Ex Parte,* 82 N.C. 377.

8. A condemnation proceeding is a special proceeding (G.S. 40-11), and hence, "except as otherwise provided," the rules respecting procedural notice and the other provisions of the chapter on civil procedure are applicable to a condemnation proceeding. G.S. 1-393; *Light Co. v. Manufacturing Co.,* 209 N.C. 560, 184 S.E. 48. The provisions of G.S. 1-404 are not applicable to a condemnation proceeding because the statutes bearing directly upon such proceeding prescribe different periods of time for the performance of the several acts enumerated in G.S. 1-404. See: G.S. 40-17, 40-19.

9. Some additional rules respecting procedural notice apply to condemnation proceedings. G.S. 40-16 provides that when the answer in a condemnation proceeding challenges the right of the petitioner to maintain the proceeding, the clerk of the Superior Court must "hear the proofs and allegations of the parties" and pass on the validity of the challenge before he makes any order for the appointment of commissioners. *Abernathy v. Railroad,* 150 N.C. 97, 63 S.E. 180; *Railroad v. Railroad,* 148 N.C. 59, 61 S.E. 683. The implication is plain that the clerk is to hold the hearing on the challenge only after notice to the parties. *Bank v. Hotel Co., supra.* G.S. 40-17 specifies that the commissioners in a condemnation proceeding are to give the parties or their attorneys ten days notice of their meetings, except when meeting under the appointment of the court or in an adjourned meeting. When this statutory provision is obeyed by the commissioners, the parties to the proceeding receive notice of the filing of their report. This is necessarily so because the statute

requires the commissioners to give the parties or their attorneys notice of the meeting at which the report is adopted and ordered filed. G.S. 40-19 stipulates that within twenty days after the filing of the commissioners' report, any party to the condemnation proceeding "may file exceptions to said report, and upon the determination of the same by the court, either party to the proceedings may appeal to the court at term, and thence, after judgment, to the Supreme Court." The implication is indisputable that the clerk is to make his determination on the exceptions only after notice and an opportunity to be heard thereon is given the parties. *Bank v. Hotel Co., supra.*

10. An irregular judgment is one rendered contrary to the method of practice and procedure established by law for the action or proceeding in which it is entered. *Hood, Comr. of Banks, v. Stewart,* 209 N.C. 424, 184 S.E. 36; *Moore v. Packer,* 174 N.C. 665, 94 S.E. 449; *Glisson v. Glisson,* 153 N.C. 185, 69 S.E. 55; *Vass v. Building Association,* 91 N.C. 55. A judgment rendered in violation of the rules respecting procedural notice is irregular. In consequence, a judgment confirming the report of the commissioners in a condemnation proceeding is irregular if it is entered by the clerk without notice to a party who has filed exceptions to the report within twenty days after its filing. A judgment confirming the report of the commissioners in a condemnation proceeding is likewise irregular if it is rendered by the clerk before the expiration of the twenty days allowed by statute for the filing of exceptions to the report.

11. An irregular judgment is not void. It stands as the judgment of the court unless and until it is set aside by a proper proceeding. *Moore v. Packer, supra; Hopkins v. Crisp,* 166 N.C. 97, 81 S.E. 1069. "To set aside a judgment for irregularity it is necessary to make a motion in the cause before the court which rendered the judgment, with notice to the other party; the objection cannot be made by appeal, or an independent action, or by collateral attack. The time for such motion is not limited to one year after the judgment is rendered, but it must be made by the party affected and within a reasonable time to show that he has been diligent to protect his rights. The application should also show that the judgment affects injuriously the rights of the party and that he has a meritorious defense; otherwise, it would be useless to set aside the judgment." McIntosh: North Carolina Practice and Procedure in Civil Cases, section 653. These rules are based on sound reason. They furnish an expeditious and inexpensive method by which courts of first instance may correct their own lapses from procedural regularity. Moreover, they are well designed to place all relevant circumstances before an appellate court in the event it is called on to review the matter upon a subsequent appeal from an order granting or refusing the motion to vacate the irregular judgment.

12. An order made without notice when notice should have been given is irregular. 60 C.J.S., Motions and Orders, section 15. It may be set aside under G.S. 1-582, which is couched in these words: "An order made out of court, without notice to the adverse party, may be vacated or modified without notice by the judge who made it, or may be vacated or modified on notice, in the manner in which other motions are made." A court may refuse to entertain a motion to vacate an order entered without notice if it is not made within a reasonable time after entry of the order. 60 C.J.S., Motions and Orders, section 62.

Since it was served with summons and entered a general appearance, the respondent has been accorded its constitutional right to notice under the law of the land and due process of law.

But the rules respecting procedural notice were "more honour'd in the breach than the observance." They were, indeed, totally ignored.

The record indicates, however, in somewhat inconclusive fashion that the respondent may have waived procedural notice up to and including the meeting of 9 February, 1952, when the commissioners apparently signed their report and authorized its filing in the clerk's office; that the respondent may have filed the equivocal paper of 12 February, 1952, in the clerk's office because it believed the report of the commissioners had already been filed therein; and that the paper may have been intended to operate as an exception to the commissioners' report, as the respondent contends, rather than as an exception to the order appointing the commissioners, as the petitioners insist.

We express no opinion as to these matters because they are not before us for decision. When all is said, the respondent attacks the judgment of confirmation rendered by the clerk on 27 February, 1952, for irregularity. The judgment is clearly irregular, no matter what construction is put on the paper of 12 February, 1952. It is irregular for want of procedural notice to the respondent, if the paper constitutes an exception to the report of the commissioners. It is irregular because it was entered at an improper time, i.e., before the expiration of the twenty days allowed by statute for filing exceptions to the commissioners' report, if the paper is an exception to the order appointing the commissioners.

Whether an irregular judgment should be set aside is a question which must be presented by a motion in the cause, and not by an appeal. Hence, Judge Gwyn's order dismissing the respondent's appeal must be
    Affirmed.