IN THE MATTER OF: THE APPEAL OF PILOT FREIGHT CARRIERS, INC., FROM AN ACTION OF THE BOARD OF ALDERMEN OF THE CITY OF WINSTON-SALEM ASSESSING AD VALOREM TAXES ON CERTAIN INTERSTATE ROLLING STOCK OWNED BY PILOT FOR TAXABLE YEARS 1965, 1966, 1967 AND 1968

No. 7521SC551

(Filed 21 January 1976)

1. Taxation § 25— interstate equipment — assessment for back taxes

The trial court properly held that the city in which Pilot Freight Carriers stored its interstate equipment could not rely on former G.S. 105-332 to assess back taxes, since that statute was repealed by the enactment of the New Machinery Act of 1971 which did not contain a savings clause, and the resolution by the city Board of Aldermen seeking an assessment for back taxes was not passed until 1972.

2. Taxation § 25— discovery statute — assessment for back taxes — notice to taxpayer

The city in which Pilot Freight Carriers stored its interstate equipment could rely upon the "discovery" statute, G.S. 105-312, and could assess taxes from the current year, which was 1972 when the city Board of Aldermen acted, and the five years previous to 1972, and any defects in notice provided Pilot by the city were waived where Pilot was notified of the proposed action by the Board of Aldermen and Pilot's attorney appeared and argued before the resolution requesting an assessment of back taxes was adopted by the Board.

APPEAL by Pilot Freight Carriers, Inc. and City of Winston-Salem from *Albright, Judge.* Judgment entered 28 April 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 16 October 1975.

Pilot Freight Carriers, Inc., is a common carrier of property operating in interstate commerce and had its principal office in Winston-Salem, Winston Township, throughout the years 1965, 1966, 1967, and 1968.

For the years 1965, 1966, 1967, and 1968 Pilot listed its interstate equipment for tax purposes in Vienna Township outside the City of Winston-Salem, paying taxes thereon to the county but not the City.

The City delayed making a determination with respect to the collection of taxes against several companies, including Pilot, for prior years until the litigation with respect to the tax situs of such property was completed in the McLean case. See *In re Trucking Co.*, 281 N.C. 242, 188 S.E. 2d 452 (1972). The County Tax Supervisor transferred the tax listings for the other trucking companies to Winston Township for 1969 taxes. He did not transfer Pilot's listing since Pilot began to store its equipment outside the City as of 1969.

Following the decision in *In re Trucking Co., supra,* and the decision in *In re Trucking Co.*, 281 N.C. 375, 189 S.E. 2d 194 (1972), the city attorney recommended on 4 December 1972 that back taxes, but no penalties, be assessed against Pilot and the other companies for 1965, 1966, 1967 and 1968. On 18 December 1972 the Board of Aldermen passed a resolution requesting the assessment of back taxes against Pilot and several other trucking companies.

On 29 January 1973, Pilot gave notice of appeal to the State Property Tax Commission. The State Commission heard the matter on 22 May 1974 and rendered an opinion on 11 December 1974 concluding that the City could not rely upon G.S. 105-332 to assess back taxes; that the City could rely upon the "discovery" statute, G.S. 105-312, but that the statute only authorized the City to assess taxes for the "current year" (which was 1972 when the Board acted) and the five years previous to 1972; and that Pilot had been afforded due process although the City had not followed the procedure set out in G.S. 105-312.

The Commission upheld the assessments for 1967 and 1968 but struck the assessments for 1965 and 1966 since those years were more than five years previous to 1972.

Pilot appealed the portion of the decision holding that it must pay the taxes for the years 1967 and 1968, and the City

appealed from the portion of the decision holding that Pilot did not have to pay the taxes in question for the years 1965 and 1966. The superior court affirmed the decision of the State Property Tax Commission. Pilot appealed as to the years 1967 and 1968, and the City appealed as to the years 1965 and 1966.

*Deal, Hutchins and Minor, by William K. Davis and Richard Tyndall, for Pilot Freight Carriers, Inc.*

*Womble, Carlyle, Sandridge and Rice, by Roddey M. Ligon, Jr., for City of Winston-Salem.*

MARTIN, Judge.

CITY appeal.

[1]  City appellant contends that the court erred in holding that Pilot did not have to pay taxes for 1965-1966. It does not contest the conclusion that G.S. 105-312, the "discovery" statute, extends only back to 1967, but relies upon the old 105-332 (See 1965 Replacement Volume 2D), which was repealed effective 1 July 1971. This statute provided that any property which was "validly listed for taxation in any county, municipal corporation or taxing district shall be thereby also validly listed for taxation by any county, municipal corporation or taxing district in which it has a taxable situs."

When Pilot listed its interstate equipment for county tax purposes in 1965 and 1966, the property had a tax situs within the City. At that time G.S. 105-332 was in full force and effect.

Upon passage of the Machinery Act, effective 1 July 1971, G.S. 105-332 was repealed, with no saving clause, and new G.S. 105-395 provides:

" . . . Unless otherwise specifically provided herein, all other provisions of this Machinery Act (being Subchapter 11 of Chapter 105 of the General Statutes) shall become effective July 1, 1971, *and shall apply to all taxes due and uncollected as of that date* as well as to those that shall become due thereafter." (Emphasis supplied.)

Thus, the intention of the Legislature to give the New Machinery Act of 1971 retroactive effect is expressly declared. Assuming arguendo, that the 1965-66 taxes were due the City pursuant to G.S. 105-332, the repeal of that statute by the

enactment of the New Machinery Act of 1971, without a saving clause, put an end to the right of the City to collect the tax.

The decision of the State Property Tax Commission that Pilot did not have to pay to the City taxes on its interstate equipment for the years 1965 and 1966 is based upon appropriate findings of fact supported by material and substantial evidence and is in accord with law. The superior court correctly sustained the decision of the Commission.

PILOT appeal.

[2] Pilot appellant contends the Board of Aldermen were relying upon the old G.S. 105-332 (Repealed 1971) in assessing back taxes and that the City cannot now rely upon the "discovery" statute. The "discovery" statute (the old G.S. 105-331 and the present G.S. 105-312) authorizes the City to "discover" unlisted property and to tax it for the "current year" and for five previous years. Thus, the City could discover any property not listed for the current and five prior years. The only year which could conceivably be the current year is 1972. That is the first time any affirmative action of any kind was taken against Pilot. A discovery is made when the property is listed by the tax supervisor. With 1972 as the current year, the earliest year for which the City could discover unlisted property was 1967.

Conceding the City had the power to assess taxes for 1967-1968 under G.S. 105-312, Pilot argues that the City failed to follow the procedures for notice as outlined in G.S. 105-312 (d). It was stipulated that Pilot was notified of the proposed action by the Board of Aldermen and that Pilot's attorney appeared and argued before the 18 December 1972 resolution was adopted. Such participation ordinarily waives any defects in notice. See *Collins v. Highway Comm.*, 237 N.C. 277, 74 S.E. 2d 709 (1953). Further, G.S. 105-394 provides that immaterial irregularities in notice do not invalidate taxes imposed.

The decision of the State Property Tax Commission holding that Pilot had to pay taxes on its interstate equipment to the City for the years 1967 and 1968 is based upon appropriate findings of fact supported by material and substantial evidence and is in accord with law. The superior court correctly sustained the decision of the Commission.

The result is:

On City appellant's appeal the judgment of the superior court is

Affirmed.

On Pilot appellant's appeal the judgment of the superior court is

Affirmed.

Judges MORRIS and PARKER concur.