A husband is responsible for the acts of his wife and he is required to govern his household, and for that purpose the law permits him to use towards his wife such a degree of force as is necessary to control an unruly temper and make her behave herself; and unless some permanent injury be inflicted, or there be an excess of violence, or such a degree of cruelty as shows that it is inflicted to gratify his own bad passions, the law will not invade the domestic forum, or go behind the curtain. It prefers to leave the parties to themselves, as the best mode of inducing them to make the matter up and live together as man and wife should.
Certainly, the exposure of a scene like that set out in this case can do no good. In respect to the parties, a public exhibition in the courthouse of such quarrels and fights between man and wife widens the breach, makes a reconciliation almost impossible, and encourages insubordination; and in respect to the public, it has a pernicious (264) tendency; so, pro bono publico, such matters are excluded from the courts, unless there is a permanent injury or excessive violence or cruelty indicating malignity and vindictiveness.
In this case the wife commenced the quarrel. The husband, in a passion provoked by excessive abuse, pulled her upon the floor by the hair, but restrained himself, did not strike a blow, and she admits he did not choke her, and she continued to abuse him after she got up. Upon this state of facts the jury ought to have been charged in favor of the defendant. S. v.Pendergrass, 19 N.C. 365; Joyner v. Joyner, 59 N.C. 322.
It was insisted by Mr. Winston that, admitting such to be the law when the husband and wife lived together, it did not apply when, as in this case, they were living apart. That may be so when there is a divorce "from bed and board," because the law then recognizes and allows the separation, but it can take no notice of a private agreement to live separate. The husband is still responsible for her acts, and the marriage relation and its incidents remain unaffected.
New trial.
Cited: S. v. Rhodes, 61 N.C. 455; Vann v. Edwards, 128 N.C. 428; S.v. Jones, 132 N.C. 1048; S. v. Thornton, 136 N.C. 616; S. v. Fulton,149 N.C. 498, 500; Price v. Electric Co., 160 N.C. 455; S. v. Nipper,166 N.C. 278; S. v. Knight, 169 N.C. 362. *Page 164