## LELIA B. JONES v. WALTER J. JONES.

(Filed 4 April, 1917.)

**1. Divorce—Alimony—Motions—Notice—Statutes.**

> *Feme* plaintiff's motion for alimony and attorney's fees in an action for divorce, made upon complaint and resisted upon an answer during the pleadings term, does not require previous notice to be given; and when the judge hears it upon one day's postponement, the last day of the term, five days after complaint filed demanding such relief, his order granting it will not be disturbed for lack of sufficient notice, Rev., secs. 1566, 877; and when it appears that the defendant is about to remove his property and effects from the State to defeat plaintiff's rights, notice of any kind is not required. Rev., sec. 1556.

**2. Divorce—Pleadings—Verification—Knowledge—Six Months—Condonation —Breach.**

> A verification to the complaint in an action for divorce *a mensa*, that the facts set forth therein as grounds for a divorce have existed to the plaintiff's knowledge at least six months prior to the filing of the complaint, is sufficient, though coupled with averments as to matters in condonation and breach occuring within that period, and the trial will be proceeded with as to all.

**3. Divorce—Alimony—Court's Discretion—Appeal and Error.**

The allowance to a *feme* plaintiff of alimony *pendente lite* and attorney's fee in an action for divorce *a mensa* is within the discretion of the trial court, and not reviewable on appeal, in the absence of its abuse.

**4. Divorce—Children—Custody—Alimony.**

Where in· passing upon a motion of *feme* plaintiff in her action for divorce *a mensa* for alimony, etc., *pendente lite*, the trial judge has found facts sufficient upon the evidence, he may award the custody of the minor children, who have been removed by the defendant from the State, to the plaintiff, with an additional allowance for them from the time they may be placed in her custody.

*Everton v. Everton,* 50 N. C., 202, and *Miller v. Miller,* 78 N. C., 102, OVERRULED.

APPEAL by defendant from *Cooke, J.,* at October Term, 1916, from PERSON.

This is an appeal from the judgment of the Superior Court allowing the plaintiff alimony *pendente lite* and counsel fees, in an action for divorce from bed and board. The action was begun 18 September, 1916, the summons being returnable to October Term of Person, 1916, which began on 16 October. The complaint was filed Saturday, 14 October. On Wednesday of October Term the plaintiff moved in open court for an allowance for alimony *pendente lite* and counsel fees in accordance with the request in the complaint. The defendant in open court resisted the motion. The court postponed the hearing till the next evening, Thursday, 21 October, when, court being about to adjourn, he heard the motion and found the following facts upon the complaint and answer used as affidavits, and such other evidence as was offered:

That the plaintiff and defendant were married in October, 1911, and have two children, aged 3½ and 1½ years, respectively; that the defendant has offered such indignities to the person of the plaintiff as to make her condition intolerable and her life burdensome; that in August, 1916, the defendant abandoned the plaintiff and caused her to leave his home; that in 1914 he tried to get the plaintiff to release her right in his property and make him free, in consideration of $1,000 and became greatly enraged because she did not do so; that in 1913 the defendant said to the plaintiff that "when he got his business straight and like he wanted it, the plaintiff could take the cook and go to hell, or walk up and down the big road and eat flint-rocks, as far as he cared"; that he often left the plaintiff for three or four days during the week and refused her request for a pistol for protection during his absence; that he drank a great deal of whiskey and in November, 1914, he accused the plaintiff of taking a quart of his whiskey, which he·later found in his auto, but did not apologize;·that in 1914 the

defendant repeatedly stayed out two or three nights in the week until 4 o'clock in the morning, and in November of that year he moved a negro woman and her children into a house in the yard, and boasted to the plaintiff the woman's boy was his son; that the negro woman and her children annoyed the plaintiff by taking her wood, and were insolent to her, and that when the plaintiff complained the defendant upheld the negro woman and abused the plaintiff, and upon the plaintiff's saying that she could not stand such conditions any longer, and would have to go home, the defendant told her she "could take her choice"; that under such conditions, her health becoming impaired and fearing for her personal safety, she went to her father's; that about three weeks thereafter the defendant went to her, asking her to return, and promised that he would not mistreat her again and would send the negro woman away, and under the circumstances and relying upon such promise she returned with the defendant, who did get rid of the negro woman, but in a day or two began to abuse the plaintiff, insisting that she should sign papers releasing all her interest in his property and give him a divorce, and upon her refusal he became greatly enraged and told the plaintiff she could "go to ——— and eat flint-rocks, for all he cared"; that he unnecessarily required her to do an unusual amount of work just prior to Christmas, 1914 (when she was in a pregnant condition), in regard to hog killing, and though she did all she could, the defendant told her if she "did not attend to business what ——— did he want with her there"; that when the plaintiff had finished the work of trying up the lard besides doing the cooking and looking after the house while she was in an exhausted condition therefrom the defendant brought a drunken companion home with him late on Christmas eve and made the plaintiff late at night cook an oyster supper for them, though she had already cooked supper for the family; that the defendant was often gone a week at a time without letting plaintiff know his whereabouts, without having any one at home for her protection; that in May, 1916, the defendant told the plaintiff he was "going to sell everything and was not going to be bothered with women and children; that he had enough to take care of himself, and did not expect to hit a lick of work for any one," and often repeated this to the plaintiff; that in August, 1916, he came to plaintiff's father's about 2 o'clock at night and carried her home, reaching there about 4 o'clock in the morning, whereupon the defendant himself retired to bed, but put the plaintiff to work preparing breakfast and supply of bread to last his hands three days; that in August, 1916, the defendant took the oldest child from plaintiff's arms, and struck the plaintiff on her breast, knocking her against the sewing

machine, which blow left finger prints and bruises on the plaintiff for several days; that he charged the plaintiff with adultery with one Loman, which charge the court finds was untrue and without foundation; that the defendant took both the children away and carried them to his father's house in Virginia; that he was often drunk and used personal violence and foul language to her.

The judge finds that the plaintiff during her married life had been a good, kind, dutiful wife, and has performed faithfully her household duties, and has often been required, in addition to cooking, washing, ironing, cleaning the house, and attending to the children, to work in the garden, and carry slops to the hogs a quarter of a mile distant; that the plaintiff gave the defendant no cause of provocation for his cruel and unjust conduct or for the indignities he has heaped upon her, and that she was put in bodily fear of the defendant and her life rendered intolerable and burdensome, and that the plaintiff by reason of defendant's false accusations against her and his violence is unable to endure living further with him.

The judge also finds that the defendant is a man of good health and strength, 47 years of age, of good earning capacity, and is worth from $15,000 to $20,000, and owns, according to admission of his counsel in open court, 535 acres of land; that the defendant for the last two years has greatly neglected his farm and other business; that the net annual income of the defendant, with proper attention to business, is reasonably $2,000 per year; that the plaintiff has no separate estate, is worth no property, and has no means of subsistence during the pendency of litigation or to pay for the prosecution of this action; that the defendant removed the children from the jurisdiction of this State and carried them to Virginia, where they now are, and that the plaintiff is entitled to the custody of said children.

Upon finding the foregoing facts and others of like nature, the judge awarded the custody of the two children to plaintiff and adjudged that the defendant should in thirty days pay to the plaintiff or into court the sum of $150, to enable her to prosecute this action, and that he should pay her or into court for her benefit $50 per month alimony, to begin on the day of the order and $15 per month for the support of said children, to begin when they are placed in her custody.

The defendant excepted and appealed.

*L. M. Carlton, Manning & Kitchin for plaintiff.*
*Wm. D. Merritt, Bryant & Brogden for defendant.*

CLARK, C. J. There was evidence to support the above findings of fact, and it cannot be questioned that upon such findings the judgment

of the court is fully supported. The cases of *Everton v. Everton,* 50 N. C., 202, and *Miller v. Miller,* 89 N. C., 402, cannot be deemed authority in this day, but even if they were, they would not authorize the reversal of the orders made by the judge in this case. Indeed, the defendant's counsel rest the appeal practically upon the proviso in Revisal 1566, as follows: *"Provided,* that no order allowing alimony *pendente lite* shall be made unless the husband had five days notice thereof, and in all cases of application for alimony *pendente lite* under this or the succeeding section, whether in or out of term, it shall be admissible for the husband to be heard by affidavit in reply or answer to the allegations of the complaint"; but this Court has uniformly held that the five days notice of a motion applies only when such motion is heard out of term, and that parties are fixed with notice of all motions or orders made during the term of court in causes pending therein, *Hemphill v. Moore,* 104 N. C., 379; *Coor v. Smith,* 107 N. C., 431, and numerous cases since.

In *Lea v. Lea,* 104 N. C., 603, which was upon a motion for alimony *pendente lite,* the Court said: "The statute does not require that a day shall be set when a motion in the cause is to be heard at term. It only provides that five days notice shall be given, and we think that this requirement was fully complied with in the present case."

In the case at bar the complaint filed on Saturday, 16 October, asks for an order for alimony *pendente lite,* and the order was made on the Thursday following, 21 October, five days thereafter.

In *Zimmerman v. Zimmerman,* 113 N. C., 434, the Court held on an appeal from an order for alimony: "The application for alimony can be made by a motion in the cause, and the defendant is fixed with notice thereof. It is only when made out of term that a notice is necessary," citing *Coor v. Smith,* 107 N. C., 430. In *Moore v. Moore,* 130 N. C., 333, it was held: "A motion for alimony *pendente lite* may be heard anywhere in the judicial district, five days notice being required when heard out of term-time," and holding that such five days notice "is required only when a motion is heard out of term," citing *Zimmerman v. Zimmerman,* 113 N. C., 432.

Besides all this, Revisal, 877, provides: "When notice of a motion is necessary, it must be served ten days before the time appointed for the hearing, but the court or judge may, by an order to show cause, prescribe a shorter time." In this case the court in effect did shorten the time when, refusing to hear the motion on Wednesday, he directed that it be heard the following day, which was the last day of the term. It is true that the statute as to alimony makes the time of the notice

five days, instead of ten, but the authority conferred by Revisal 877, authorizes the judge to shorten the time for the notice in any case "when notice of a motion is necessary."

In Pell's Revisal, under section 877, a great number of cases are cited holding that a party to an action pending in court "is fixed with notice of all motions and orders except those made out of term, of which notice must be given." A motion might be made during the term of court, without previous notice, in a case of such nature that it would be error for that reason to enter judgment thereon without giving the defendant sufficient time to prepare affidavits or other evidence, but this would not be on the ground that a motion in a cause if made at term necessarily requires notice. The defendant in this case relied on his answer as an affidavit in the cause, and does not allege that he did not have opportunity of fully setting up his defense. In fact his case was carried over till the next day and to the latest moment before the court adjourned. The plaintiff, as the court finds, was wholly without means of subsistence or means of prosecuting the cause. If the hearing had been postponed till some other time, or to some possibly distant point in the district, she would have been unable to present her cause, if the finding of the judge is correct in this particular, as we must take it to be.

The facts found most fully justified the order of the judge. It would have been a great hardship to deny the plaintiff a hearing at this term of the court, which hearing was had five days after application for the order filed on Saturday and which in itself gave notice of the motion of which the defendant had service, for he filed his answer thereto at that term, and the hearing was had upon such answer, treated as an affidavit, and the defendant did not offer any additional evidence. Though he was in court he did not go upon the stand as the plaintiff did, nor did he offer additional affidavits. The refusal to postpone the hearing longer than the next day does not show any hardship placed on the defendant whereas its postponement without good cause would have been a great hardship to the plaintiff.

Moreover, Revisal 1566, provides that no notice shall be necessary if the husband has abandoned his wife and left the State, or if he is about to dispose of his property for the purpose of defeating the claim of his wife. The court found that plaintiff was driven from home by the defendant's conduct and that he had told plaintiff he was going to sell everything and was not going to be bothered by women and children. The verification to the complaint avers that the defendant has threatened to sell his property and that he is about to remove his property and effects from the State, whereby she may be disappointed in

the alimony, and the court finds that the defendant has moved the two children from the jurisdiction of this State and has them in Virginia.

The defendant excepts that the complaint does not aver that the facts therein stated had existed to the knowledge of the plaintiff for six months prior to the filing of the complaint. But the verification is in the language required by the statute: "The facts set forth in the complaint as grounds for a divorce from bed and board have existed to her knowledge at least six months prior to the filing of the complaint" (which are sufficient facts under the statute, if true), and adds: "except those therein stated as having occurred within said six months," and these last are merely in aggravation.

Where there was condonation upon a condition which is broken, the former conduct of the defendant is revived in full force. *Page v. Page,* 167 N. C., 346, and here the court found that whatever condonation there was upon condition that the defendant would never mistreat the plaintiff again, and the facts show that he continued to mistreat her. Upon the complaint, verified as in this case, the plaintiff can proceed to trial upon the facts which existed prior to six months and also upon the facts occurring since said six months, at least so far as necessary to show breach of the condition upon which the condonation was made. *Sanders v. Sanders,* 157 N. C., 229.

The amount of attorney's fees and alimony is within the discretion of the trial court and is not reviewable unless such discretion is abused. *Moore v. Moore,* 130 N. C., 333; *Barker v. Barker,* 136 N. C., 316; *Bailey, v. Bailey,* 127 N. C., 474. The court had the right to award the plaintiff an amount per month for the maintenance of the children, to begin when the children should be placed in her custody. *Ellett v. Ellett* 157 N. C., 161.

It was in the sound discretion of the trial court to award the custody of the children, and in view of the facts as to the conduct and character of the defendant, his continued drunkenness, and that he had already carried the children out of the State, the order to place them in the custody of the mother was proper.

The charges of brutality and mistreatment are not merely allegations in the complaint, but are findings of fact by the judge, and justify his judgment. The ruling of *Pearson, C. J.,* in *S. v. Black,* 60 N. C., 262, that a husband had the right to thrash his wife "to make her behave herself," and the ruling of the trial judge in *S. v. Rhodes,* 61 N. C., 453 (which was affirmed on appeal), that a husband "had a right to whip his wife with a switch no larger than his thumb," were merely the expression of judicial opinion formulated in the barbarous ages of the Common Law (for there was never a statute to that effect),

which still lingered in the atmosphere of the Reports, and was brusquely brushed aside by *Settle, J.,* in *S. v. Oliver,* 70 N. C., 61, when he succinctly said: "The courts have advanced from that barbarism." This was said in 1874, now more than forty years ago, when the writers of both the previous opinions were still on the bench, and with their concurrence. But if that doctrine was still law it would not justify this defendant, who, as the judge finds, beat his wife with his fists and left bruises upon her, and not under the pretense even of "making her behave herself." Nor would his false charges of adultery and his profanity and other mistreatments be justified within the limits of *Everton v. Everton* and *Miller v. Miller,* above cited, if we could hold that we had not also "advanced from that barbarism." Indeed, the facts which in *Miller v. Miller* were held to be a venial offense in the husband, and not entitling the wife even to a divorce from bed and board or alimony, have now been made by the Legislature ground for an absolute divorce.

The judgment of the court below must be

Affirmed.