G. W. HARRIS, B. A. SCOTT ET AL. v. BOARD OF EDUCATION OF VANCE COUNTY AND E. M. ROLLINS, COUNTY SUPERINTENDENT OF SCHOOLS OF VANCE COUNTY.

(Filed 20 March, 1940.)

**Pleadings § 23: Motions § 2—Parties are fixed with notice of all motions made in pending causes during term.**

After decision of the Supreme Court sustaining a demurrer to the complaint, but not dismissing the action, plaintiff moved during term to be allowed to file amended complaint. Defendant objected thereto on the

ground that it was entitled to three days written notice of the motion, C. S., 515, 914. *Held:* The objection is untenable, since parties are fixed with notice of all motions or orders made in pending causes during term, and the statutory provisions are not applicable in such instances.

APPEAL by defendants from *Thompson, J.,* at October Term, 1939, of VANCE.

This is an action for *mandamus* to compel the defendant County Board of Education to approve the election by the district school committee of the plaintiff B. A. Scott as principal of the Dabney High School. Demurrer filed by the defendants and overruled by the Superior Court was, upon appeal, sustained by the Supreme Court.

Although the demurrer was sustained, it is said in the opinion (*Harris v. Board of Education,* 216 N. C., 147) that: "He (plaintiff Scott) may, upon proper pleadings and upon a finding by the court, upon a hearing, that the action of the county authorities was in fact arbitrary and capricious and actuated by selfish and personal motives, apply for and obtain a mandatory injunction compelling the defendants to proceed to act upon the election and to grant or withhold their approval in good faith, uninfluenced by selfish or personal motives. . . . The action need not be dismissed. The court below may in its discretion permit the filing of additional or amended pleadings to the end that the plaintiff may seek to establish such right as he may have."

The aforesaid opinion was filed in the Superior Court of Vance County on 3 October, 1939. Calendar was made for the next ensuing regular term of the Superior Court, which convened 9 October, 1939, and this action was duly placed on the motion docket (Rule 23, Rules of Practice in the Superior Court, 213 N. C., 836). On Monday morning, 9 October, 1939, in open court, in the presence of counsel for defendants, the plaintiffs gave notice that it was their purpose to move in accordance with the opinion of the Supreme Court for leave to file additional or amended pleadings. On Friday, 13 October, 1939, plaintiffs' motion to file additional or amended complaint, after argument by counsel for plaintiffs and defendants, was allowed, and an order accordant therewith entered. From this order the defendants gave to counsel for plaintiffs notice of appeal on 21 October, 1939. "There were no other notices given by the said plaintiffs of said motion except as herein above stated, and said motions (notices) were not in writing."

*Gholson & Gholson and Yarborough & Yarborough for plaintiffs, appellees.*

*A. A. Bunn and J. H. Bridgers for defendants, appellants.*

SCHENCK, J.   It is the contention of the defendants that the provision of C. S., 515, that "within ten days after the receipt of the certificate from the Supreme Court, if there is an appeal, if the demurrer is sustained the plaintiff may move, upon three days notice, for leave to amend the complaint," made it necessary for the plaintiffs to give three days written notice (C. S., 914) of their intention to lodge their motion to file additional or amended complaint.

With the contention of the defendants we cannot concur.   The permissive right given the plaintiffs by the statute does not deprive them of the right to lodge any motion at term time in a cause pending before the court.

Parties to actions are fixed with notice of all motions or orders made during the term of court in causes pending therein.   *Jones v. Jones,* 173 N. C., 279; *Wooten v. Drug Co.,* 169 N. C., 64; *Hardware Co. v. Banking Co.,* 169 N. C., 744; *Coor v. Smith,* 107 N. C., 430; *Hemphill v. Moore,* 104 N. C., 378.

The holding that the provision of the statute (C. S., 515) that upon the demurrer being sustained the plaintiffs may move upon three days notice to amend does not deprive them of their right to lodge their motion to amend at term without such notice is sustained by the cases above cited.   In the *Jones case, supra,* notwithstanding the statute provided "that no order allowing alimony *pendente lite* shall be made unless the husband had five days notice thereof," it was held that the provision applied only when the motion is heard out of term, and that the parties are fixed with notice of all motions and orders made during the term of court in causes pending therein.   In the *Hemphill case, supra,* notwithstanding the statute, Code, 340 (now C. S., 849), prescribed that "an injunction should not be allowed after the defendant shall have answered, unless upon notice or upon order to show cause," it was held that where a motion for injunction was made, after answer had been filed, in the course of an action in term time, it was proper to entertain the motion.

The order of the Superior Court is

Affirmed.