MARY LEONA PIERCE ANGLE (a Single Woman); BESSIE PIERCE HUGHES and Husband, WILLIAM WALTER HUGHES; ESSIE PIERCE STROUD and Husband, DENNIS E. STROUD, Plaintiffs, v. MYRTLE VIOLA PIERCE BLACK and Husband, JESSIE JAMES BLACK; IDA MAE PIERCE DAVIS and Husband, ARMAN DAVIS, and CHARLIE OSCAR PIERCE (Single), Defendants, and B. WALTON BROWN, Administrator of the Estate of BESSIE R. BRYANT PIERCE, Additional Defendant.

(Filed 21 February, 1968.)

Notice § 1—

Parties are fixed with notice of all motions or orders made in pending causes during term, and the statutory provisions for notice of motions are not applicable in such instances.

Appeal by plaintiffs from *Seay, J.,* October 6, 1967, Civil Session of the Superior Court of Randolph County.

On March 14, 1966, plaintiffs filed a petition for partition of the lands of Bessie R. Bryant Pierce who died intestate on August 28, 1964. On March 15, 1966, B. Walton Brown qualified as administrator of the estate of Bessie Pierce. On March 18, 1966, defendants answered the petition of plaintiffs setting out, among other things, that the lands described in the petition were subject to the payment of the debts of the decedent; that Brown has qualified as administrator; that it was or might be necessary to sell the land to make assets, and asking that the proceedings be dismissed. Plaintiffs replied on May 23, 1966, denying that Brown has qualified as administrator and that any debts existed. On February 2, 1967 Brown, Administrator, filed a petition for the sale of the land to make assets and on February 16, 1967, moved the court that he be made a party to the partition proceedings. By order of Latham, J., dated May 7, 1967, the administrator was made a party to the partition proceedings and the plaintiffs excepted and gave notice of appeal. This appeal was never perfected. On March 6, Brown, Administrator, filed answer in the partition proceedings averring that there was pending a proceedings instituted by him as administrator to sell the same property described in the petition to make assets to pay the debts of the decedent and this was plead as a bar to the partitioning proceedings. On September 13, 1967, Brown, Administrator, additional defendant, filed a motion to dismiss the plaintiffs' appeal from the order making him an additional defendant. Notice thereof was served on the plaintiffs on September 14. The partition proceedings was placed on the motion calendar for hearing on September 25, the first day of a two-week term of court. The plea in bar was heard before Seay, J., on October 6, and judgment was entered October 6, 1967,

sustaining the plea in bar and dismissing the partition proceedings. From this judgment, the plaintiffs appealed.

*Ottway Burton for plaintiff appellants.*

*Miller, Beck and O'Briant for Brown, Administrator, additional defendant.*

MORRIS, J. The appellant failed to file a brief within the time provided in Rule 28 and appellee moved to dismiss under Rule 28. Appellant answered the motion asserting that he was not aware of the time requirement of the rules for the filing of briefs and tendered his brief. Since we are not inadvertent to the possibility that all members of the bar may not have familiarized themselves with the rules, despite their opportunity to do so, we accepted plaintiffs' brief and heard oral arguments.

Plaintiffs contend that they were given no specific notice by administrator, additional defendant, of his intention to have heard the plea in bar, and this is their only contention. It appears that the partitioning proceedings was placed upon the motion docket of the court for hearing on September 25, the first day of a two-week term and was continued, at plaintiffs' request, until the last day of the term, October 6, to give plaintiffs time for additional preparation. The answer of the administrator, the additional defendant, was filed March 6, 1967 setting up the plea in bar and asking dismissal of the proceedings. The matter was pending in court and had been for some six months. The term at which it was heard was a regular term. Parties are fixed with notice of all motions or orders made during the term of court in causes pending therein, and the statutory provisions for notice of motions are not applicable in such instances. *Jones v. Jones*, 173 N.C. 279, 91 S.E. 960 (1917); *Harris v. Board of Education*, 217 N.C. 281, 7 S.E. 2d 538 (1940).

Plaintiffs' assignment of error is without merit.

The judgment of the superior court allowing the plea in bar and dismissing the proceedings is

Affirmed.

CAMPBELL and PARKER, JJ., concur.