STATE HIGHWAY COMMISSION v. LINDSEY STOKES AND WIFE, MARY WILLIE STOKES; W. O. McGIBONY, TRUSTEE; AND THE FEDERAL LAND BANK OF COLUMBIA

No. 6917SC34

(Filed 5 February 1969)

1. Eminent Domain § 7— highway condemnation — statutory notice to landowner — jurisdiction

The fact that landowners were not given statutory ten days' notice by the Highway Commission in its action for the appropriation of a portion of defendants' property does not deprive the trial court of jurisdiction to hear the matter, where the case had been pending in the court for several months and had been calendared for trial, and where the landowners had received notice of the calendar and had caused to be issued subpoena *duces tecum* for production of documents at the trial. G.S. 136-108.

**2. Notice § 1— motions during session of court**

Parties are fixed with notice of all motions or orders made during the session of court in causes pending therein, and the statutory provisions for notice of motions are not applicable in such instances.

**3. Trial § 1— calendar — duty of trial court**

The calendar is under the control of the court, which has the right not only to determine whether it is necessary to make a calendar but to make such orders as are necessary for the dispatch of business as to the disposition of causes placed on the calendar and not reached on the day for which they are set. Rule 22, Rules of Practice in the Superior Court.

**4. Trial § 1— calendar — resetting case for trial**

Trial court did not exceed its authority in resetting case for trial during the session in which it was calendared where it appears that counsel did not appear for the purpose of discussing the calendar although given every opportunity of doing so.

**5. Eminent Domain § 7— highway condemnation — waiver of jury trial**

Where counsel for landowners failed to appear in highway condemnation proceeding which was calendared for trial, the right to a jury trial was waived. G.S. 1-184.

APPEAL by defendants Lindsey Stokes and wife, Mary Willie Stokes, from *Beal, S.J.,* 22 July 1968 Civil Session of Superior Court of ROCKINGHAM.

On 29 July 1966, plaintiff instituted action under Article 9, Chapter 136, General Statutes of North Carolina, for the appropriation of a portion of the property of defendants in the construction of its Project 8.1592502. Exhibit A, attached to the complaint, listed under liens and encumbrances "Existing easements of right of way — State Highway Commission." Defendants Stokes filed answer on 19 January 1967. In their answer defendants Stokes admitted the taking of a portion of their lands but averred that "the amount of land so taken is in excess of that for which deposit was made as by law required." They further denied that the plaintiff "has heretofore acquired or presently owns easements of right of way in the lands of defendants Stokes." By way of affirmative defense, they alleged that on or about 20 September 1949, defendants relying on representations of plaintiff's agent, signed a right-of-way agreement in blank; that the blank paperwriting was falsely and fraudulently made and altered while in the hands of plaintiff, and they asked that the paperwriting of 1949 be rescinded and declared void.

Plat was filed by plaintiff on 17 April 1967. The case was calendared for trial by the Rockingham Bar Association for the two

weeks session beginning 22 July 1968, and was set for trial on 23 July. Copy of the calendar was received by counsel for defendants Stokes on 11 July 1968. On 15 July 1968 counsel for defendants Stokes had a subpœna *duces tecum* issued to the Chairman of the Highway Commission for his personal appearance, or in lieu thereof, the production of certain plans or maps on file with the Commission and the production of the original of the 1949 right-of-way agreement under which plaintiff claimed a previously existing right of way, to be used in the trial of the case on 23 July 1968 or when the case was called for trial.

On 22 July, at the call of the calendar, counsel for plaintiff was present, but counsel for defendants were not. The court instructed counsel for plaintiff to telephone counsel for defendants and request their attendance at court on the afternoon of 22 July to discuss the calendar. Again counsel for defendants did not appear. The court reset the case for trial on Monday, 29 July 1968. On 25 July, counsel for defendants Stokes filed with the clerk a paperwriting entitled "Special Appearance" in which they contended that the court was without power to proceed in the action "to hear and determine any and all issues raised by the pleadings, other than the issue of damages" for that the 10 days' notice provided by G.S. 136-108 had not been given and further that if the court should proceed to determine the matter under G.S. 136-108, the court had no jurisdiction to hear and determine the issue of fraud raised in the pleadings.

At the call of the calendar on 29 July 1968 counsel for plaintiff was present but counsel for defendants Stokes were not. The court again directed plaintiff's counsel to contact counsel for defendants and advise them that the court would proceed to try the case. Counsel for defendants advised that no counsel for defendants would be present. Whereupon the court called the case for trial and proceeded to hear evidence to determine all issues other than the issue of damages. On 1 August 1968, the court signed an order making findings of fact and conclusions of law and determined all issues other than the issue of damages. From the entry of this order defendants Stokes appealed.

*Attorney General Robert Morgan by Deputy Attorney General Harrison Lewis and Trial Attorney Robert G. Webb for the State Highway Commission, plaintiff appellee.*

*Ross E. Strange and Harry R. Stanley for defendant appellants Stokes.*

MORRIS, J.

The order determining issues signed by the court contained 28 findings of fact. The findings of fact included a chronological history of the occurrences set out above including the fact that no request for continuance was made by counsel for defendants, that there was no evidence of any physical disability which would prevent counsel's attendance, nor was any other excuse offered. The court also found that "on September 20, 1949, the defendants Lindsey Stokes and Mary W. Stokes executed a right of way agreement to the North Carolina State Highway Commission (State Highway and Public Works Commission) conveying to it an easement in perpetuity across the entire western margin of their property as shown on the right of way agreement consisting of a width of 152 feet and running from the southern margin of the defendants' property to the northern margin of the defendants' property." The court found as a fact that the area taken is that certain area designated as New Right of Way on the plat filed. On the facts found the court made the following conclusions of law:

"1. That the plaintiff, State Highway Commission, is an agency of the State of North Carolina, with the power of eminent domain and that acting pursuant to the authority granted them by statute, did acquire an interest as set forth above in the defendants' property and that it was necessary for the plaintiff to appropriate this property for the construction of Project 8.1592502, Rockingham County.

2. That all parties who have or claim an interest in the property rights affected by this appropriation are properly before the Court;

3. That the date of taking is July 29, 1966; that this matter was properly calendared for trial by the Rockingham County Bar Association; that the access on the service road across the entire western margin of defendants' property which leads to the primary or main travelled lanes of U. S. Highway #29 a distance of 350 to 400 feet from the southern margin of defendants' property is reasonable access and the defendants are not entitled to compensation for any control of access to the main travelled lanes of U. S. Highway #29 in front of their property; that the right of way agreement dated September 20, 1949, introduced into evidence as plaintiff's Exhibit No. 3 is a valid conveyance of the property described in the plat hereinabove referred to, consisting of 1.96 acres and designed (sic) as old right of way on said plat.

4. That there is no evidence to sustain the allegations of fraud alleged in the Answer of the defendant and the cause of action alleged therein is hereby dismissed.

5. That the only issue remaining to be decided is 'What sum, if any, are the defendants entitled to recover of the plaintiff, State Highway Commission, for the appropriation of a portion of their property for highway purposes?' "

Defendants did not except to any finding of fact or conclusion of law, but excepted to the entry of the order. They assign as error the court's resetting the case "for hearing to determine the issues under General Statutes 136-108, with less than 10 days' notice" and further contend the court was without "jurisdiction to determine the issue of fraud in this case without trial by jury."

Counsel for appellants candidly concede that they are unable to present any authority with respect to their contention that they are entitled to have a jury trial on the issue of fraud, but they earnestly contend that had they appeared for trial, they would have waived this right.

G.S. 136-108 provides: "After the filing of the plat, the judge, upon motion and ten (10) days' notice by either the Highway Commission or the owner, shall, either in or out of term, hear and determine any and all issues raised by the pleadings other than the issue of damages, including, but not limited to, if controverted, questions of necessary and proper parties, title to the land, interest taken, and area taken."

[1, 2] Appellants contend that this statute requires notice of ten days before the court can hear the matter to determine issues and that because this notice was not given, the court was without jurisdiction to hear the matter. This contention is without merit. This case had been pending in the court for several months, had been calendared for trial, and appellants had received notice of its having been calendared for trial and had caused to be issued subpoena *duces tecum* for the production of documents at the trial. They did not appear for the call of the calendar nor in response to the request of the court that they appear to discuss the calendar. This was a regular session of court. The Supreme Court and this Court have said repeatedly that parties are fixed with notice of all motions or orders made during the session of court in causes pending therein, and the statutory provisions for notice of motions are not applicable in such instances. *Harris v. Board of Education*, 217 N.C. 281, 7 S.E. 2d 538 (and cases cited therein); *Angle v. Black*, 1 N.C. App. 36, 159 S.E. 2d 254.

[3, 4]    The record before us clearly reveals that the trial court gave counsel for appellants every opportunity to be present to discuss the calendar; and when they did not appear for that purpose, the court, on its own motion, reset the case for trial on Monday, 29 July 1968. The calendar is under the control of the court, and the court has the right, not only to determine whether it is necessary to make a calendar, but to make such orders as are necessary for the dispatch of business as to the disposition of causes placed on the calendar and not reached on the day for which they are set. Rule 22, Rules of Practice in the Superior Courts of North Carolina, Vol. 4A, N.C. General Statutes, App. I. In resetting the case for trial the court certainly did not exceed its authority, and it appears abundantly clear from the record that the court was acting in consideration of appellants' counsel.

[5]    When counsel for appellant failed to appear on 29 July 1968, at the second call of the case, the right to a jury trial was waived. G.S. 1-184. Appellants could have appeared, requested a jury trial, and protected by exception any rights they deemed denied. They chose not to appear and we think they have waived any right to jury trial they might have had.

Under our view of the case, the question of whether G.S. 136-108 deprives appellants of a jury trial on the issue of fraud is not reached, and we, therefore, do not discuss it.

The only issue remaining for determination is the issue of damages as set out in the trial court's fifth conclusion of law.

In the proceedings and order of the trial court we find

No error.

CAMPBELL and BROCK, JJ., concur.