KNIGHTEN v. BARNHILL CONTRACTING CO.

[122 N.C. App. 109 (1996)]

━━━━━━

ANGELA KNIGHTEN, GERALD N. KNIGHTEN, SIRINUCH T. CARRUTH, WILLIAM CARRUTH, STEVEN CARRUTH AND SIRINUCH RUTH CARRUTH BATISTA, PLAINTIFF-APPELLEES v. BARNHILL CONTRACTING COMPANY, DEFENDANT-APPELLANT

No. COA95-113

(Filed 19 March 1996)

**1. Appeal and Error § 118 (NCI4th)— defense based on sovereign immunity—interlocutory order appealable**

An order which does not completely dispose of the case is interlocutory and generally not appealable; however, when a defense based upon sovereign immunity is asserted, the denial of a motion for summary judgment based upon the ground of sovereign immunity is immediately appealable.

**Am Jur 2d, Judgments § 203.**

**Reviewability of order denying motion for summary judgment. 15 ALR3d 899.**

**2. Appeal and Error § 118 (NCI4th)— contractor working for state—no right to share in state's immunity in negligence claim—premature appeal dismissed**

Defendant highway contractor was not entitled to share in the state's immunity in a negligence claim arising out of the performance of its contract with the state; therefore, the trial court's denial of defendant's motion for summary judgment on the basis of sovereign immunity did not deprive defendant of a substantial right absent an immediate appeal, and defendant's premature appeal is dismissed.

**Am Jur 2d, Public Works and Contracts § 136.**

**Right of contractor with federal, state, or local public body to latter's immunity from tort liability. 9 ALR3d 382.**

Appeal by defendant from orders entered 15 August 1994 and 15 September 1994 by Judge Coy E. Brewer in Cumberland County Superior Court. Heard in the Court of Appeals 26 October 1995.

*Beaver, Holt, Richardson, Sternlicht, Burge & Glazier, P.A., by Mark A. Sternlicht, William O. Richardson and Rebecca J. Britton, for plaintiff-appellees Angela and Gerald Knighten.*

*Smith, Dickey & Smith, by Allen D. Smith, for plaintiff-appellees Sirinuch T. Carruth, William Carruth and Steven Carruth.*

*Lytch, Tart, Willis & Fusco, by Phillip A. Fusco, for plaintiff-appellee Sirinuch Ruth Carruth Batista.*

*Cranfill, Sumner & Hartzog, L.L.P., by David H. Batten and William W. Pollock, for defendant-appellant.*

WALKER, Judge.

Cumberland Paving Company, a predecessor in interest to defendant Barnhill Contracting Company (Barnhill), contracted with the North Carolina Department of Transportation (DOT) to resurface a section of Highway 87 in Harnett County. The contract required Barnhill to remove two inches of existing pavement and replace the roadway with two inches of new asphalt. The resurfacing work was completed on 2 May 1987.

On 4 July 1991, plaintiffs Sirinuch Ruth Carruth Batista, Angela Knighten, Sirinuch T. Carruth and Steven Carruth were traveling

## KNIGHTEN v. BARNHILL CONTRACTING CO.

[122 N.C. App. 109 (1996)]

home from work together on Highway 87. Just south of the Highway 27 overpass, the vehicle hit a pool of water in the roadway and went out of control, causing a collision which injured these plaintiffs. Plaintiffs alleged that Barnhill negligently "milled" Highway 87 by failing "to maintain a sufficient cross-slope and/or panel to allow adequate drainage," that it negligently compacted the paving material on Highway 87, and that it negligently resurfaced Highway 87 "in such a manner as to have large amounts of water to collect on the highway's surface."

Barnhill made a motion for summary judgment. At the summary judgment hearing on 15 August 1994 Barnhill raised, for the first time, a claim that it was entitled to governmental immunity. The motion for summary judgment was taken under advisement. On 22 August 1994, plaintiffs signed a consent order to allow Barnhill to file an amended answer and a third-party complaint adding DOT as a third-party defendant. The proposed amended answer did not contain an immunity defense. On 25 August 1994, Barnhill filed an amended answer asserting the defense of government immunity. Plaintiffs responded by filing a motion to strike Barnhill's amended answer on the grounds that the defense was waived because it had not been properly raised, or added by leave of the court, or included in an amendment by consent of the parties. Barnhill filed a motion to amend its answer on 1 September 1994 to assert the defense of governmental immunity. On 15 September 1994 the court allowed plaintiff's motion to strike the governmental immunity defense, denied Barnhill's motion to amend its answer, and denied Barnhill's summary judgment motion.

[1] An order which does not completely dispose of the case is interlocutory and generally not appealable. *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). The purpose of this rule is to "prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). The denial of a motion for summary judgment is not a final judgment and is generally not immediately appealable even if the trial court has attempted to certify it for appeal under Rule 54(b). *Henderson v. LeBauer*, 101 N.C. App. 255, 264, 399 S.E.2d 142, 147, *disc. review denied*, 328 N.C. 731, 404 S.E.2d 868 (1991).

However, when a defense based upon sovereign immunity is asserted, a denial of a motion for summary judgment based upon the

grounds of sovereign immunity is immediately appealable. *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 665, 449 S.E.2d 240, 242 (1994), *disc. review denied*, 339 N.C. 737, 454 S.E.2d 648 (1995); *Herndon v. Barrett*, 101 N.C. App. 636, 639, 400 S.E.2d 767, 769 (1991); *Corum v. University of North Carolina*, 97 N.C. App. 527, 531, 389 S.E.2d 596, 598 (1990), *rev'd on other grounds*, 330 N.C. 761, 413 S.E.2d 276, *cert. denied*, 506 U.S. 985, 121 L.Ed.2d 431 (1992). The Supreme Court in *Mitchell v. Forsyth*, explained that "denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525, 86 L.Ed.2d 411, 424 (1985).

[2] Barnhill contends that it has a right to an immediate appeal because it is entitled to share in the state's immunity pursuant to the "government contractor defense" doctrine. Under this doctrine, a government contractor may share in the state's immunity when it complies with the plans and specifications prepared by the governmental agency.

Plaintiffs argue that Barnhill waived the defense of governmental immunity by failing to raise the defense prior to filing its amended answer. Barnhill, however, contends that it preserved the defense of governmental immunity by raising such defense at the summary judgment hearing. In support of this argument, Barnhill relies on *Walker Grading & Hauling v. S.R.F. Management Corp.*, 66 N.C. App. 170, 310 S.E.2d 615, *rev'd on other grounds*, 311 N.C. 170, 316 S.E.2d 298 (1984).

Assuming *arguendo* that Barnhill properly preserved the defense of governmental immunity, we find no support for defendant's argument that a contractor is entitled to share in the State's immunity from suit. As authority for its position, Barnhill cites cases from other jurisdictions and also argues that the doctrine of "government contractor immunity" was accepted by our Supreme Court in the case of *Gilliam v. Construction Co.*, 256 N.C. 197, 123 S.E.2d 504 (1962). *Gilliam*, quoting from an earlier case, provides that "[o]ne who contracts with a public body for the performance of public work is entitled to share the immunity of the public body from liability for incidental injuries necessarily involved in the performance of the contract, where he is not guilty of negligence." *Gilliam*, 256 N.C. at

201, 123 S.E.2d at 507 (*quoting Moore v. Clark*, 235 N.C. 364, 367-68, 70 S.E.2d 182, 185 (1952).

However, Barnhill's reliance on *Gilliam* is misplaced. The above language is merely dicta since the issue in *Gilliam* did not involve a contractor's right to assert immunity from suit but rather a defense to liability. Furthermore, we can find no authority in this State which recognizes a contractor's right to assert governmental immunity in a negligence claim which arises out of the performance of a contract with the State. Accordingly, the trial court's denial of Barnhill's motion for summary judgment did not deprive defendant of a substantial right absent an immediate appeal, and Barnhill's premature appeal must be dismissed.

Dismissed.

Judges JOHNSON and SMITH concur.