An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-486

NORTH CAROLINA COURT OF APPEALS

Filed:  21 October 2014

JOHN T. ROOKS,
    Plaintiff,

v.                                        Pender County
                                          No. 12 CVS 142
JUNE R. BLAKE, individually, in
her capacity as ATTORNEY-IN-FACT
for Norman A. Rooks, and in her
capacity as EXECUTRIX of the
Estate of Norman A. Rooks,
    Defendant.


Appeal by plaintiff from order entered 10 February 2014 by Judge John E. Nobles, Jr., in Pender County Superior Court. Heard in the Court of Appeals 22 September 2014.


*Ennis and Associates, P.A., by David Paul Ennis, for plaintiff-appellant.*

*Sherman & Rodgers, PLLC, by Richard T. Rodgers, Jr., for defendant-appellee.*


McCULLOUGH, Judge.


Plaintiff appeals from an order denying his motion for summary judgment.  We dismiss the appeal as interlocutory.

On 14 February 2012, plaintiff filed an action against defendant alleging breach of fiduciary duty, constructive fraud,

and gross negligence. Defendant answered, denying the material allegations. Plaintiff filed a motion for summary judgment as to all claims in January 2014. By order entered 10 February 2014, the trial court found that "genuine material issues of fact exist that should be determined by a jury" and denied plaintiff's motion for summary judgment. Plaintiff appeals.

The dispositive issue is whether this case is properly before this Court. Parties have an appeal of right to this Court "[f]rom any final judgment of a superior court[.]" N.C. Gen. Stat. § 7A-27(b)(1) (2013). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of Durham,* 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). On the other hand, "[a]n interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Id.* at 362, 57 S.E.2d at 381. "The denial of summary judgment is not a final judgment, but rather is interlocutory in nature." *McCallum v. North Carolina Co-op. Extension Service of N.C. State University*, 142 N.C. App. 48, 50, 542 S.E.2d 227, 230

(2001) (citation omitted). Thus, Judge Nobles' order denying plaintiff's motion for summary judgment is interlocutory.

To appeal an interlocutory order, an appellant must demonstrate that the trial court certified its order for immediate appeal pursuant to Rule 54(b) of our Rules of Civil Procedure or that the order deprives the appellant of a substantial right. *Currin & Currin Constr., Inc. v. Lingerfelt*, 158 N.C. App. 711, 713, 582 S.E.2d 321, 323 (2003). This case does not have Rule 54(b) certification, nor would this case be appropriate for certification. *See Knighten v. Barnhill Contr. Co.*, 122 N.C. App. 109, 111, 468 S.E.2d 564, 565 (1996) ("The denial of a motion for summary judgment is not a final judgment and is generally not immediately appealable even if the trial court has attempted to certify it for appeal under Rule 54(b).") (citation omitted). Thus, for this Court to review Judge Nobles' order, plaintiff must show that the order affects a substantial right. Plaintiff, however, fails to make any argument that a substantial right would be affected absent immediate review. "It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order[.]" *Jeffreys v. Raleigh Oaks*

*Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994).  Accordingly, we dismiss the appeal.

Dismissed.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).