IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-675

Filed: 7 May 2019

Wilkes County, No. 15-CVS-1056

DEPARTMENT OF TRANSPORTATION, Plaintiff,

v.

HUTCHINSONS, LLC, Defendant.

Appeal by Defendant from judgment entered 14 December 2017 by Judge Susan E. Bray in Wilkes County Superior Court. Heard in the Court of Appeals 16 January 2019.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Alexandra M. Hightower, for the Plaintiff-Appellee.*
>
> *Sever-Storey, LLP, by Shiloh Daum, for the Defendant-Appellant.*

DILLON, Judge.

This is a condemnation action brought by Plaintiff Department of Transportation ("DOT") for the partial taking of land owned by Defendant Hutchinsons, LLC ("Hutchinsons"). On the day the trial in the matter had been scheduled, the trial court heard various motions filed by Hutchinsons, primarily concerning Hutchinsons' position that DOT took more interests in its property than DOT had claimed. The trial court denied or dismissed those motions. The trial court

proceeded, and subsequently entered judgment awarding Hutchinsons no further damages than the amount of DOT's deposit. Hutchinsons appeals from various orders considered the day of trial and from the final judgment. After careful review, we affirm.

## I. Background

This action concerns certain property in Wilkes County which straddles North Carolina Highway 268 (the "Property") owned by Hutchinsons.

In September 2015, DOT commenced this action against Hutchinsons, condemning part of the Property for the widening of Highway 268.

Approximately eleven (11) months later, in August 2016, Hutchinsons filed its Answer.

The matter was eventually assigned a trial date of 21 August 2017. However, about a month before the scheduled trial date, Hutchinsons requested a continuance. The trial court granted the request, setting 4 December 2017 as the new trial date.

A few days before the scheduled 4 December 2017 trial, Hutchinsons filed three motions. These motions were based primarily on its belief that, during the course of the highway widening project, DOT had taken additional interests in the Property, that is, interests outside of the interests indicated in DOT's complaint. Specifically, Hutchinsons moved: (1) to amend its pleading to add an inverse condemnation claim

for the alleged additional taking; (2) for a Section 108 hearing[1] to determine the actual areas/interests in the Property taken (the "Section 108 motion"); and (3) for a continuance of the trial.

On 4 December 2017, the date the matter was scheduled for trial, the trial court heard Hutchinsons' three motions. During the hearing, the trial court orally dismissed the Section 108 motion and denied the two other motions. The trial court then reduced its ruling on the two denied motions to written orders but did not immediately reduce its dismissal of the Section 108 hearing motion to writing. Hutchinsons then submitted a written notice of appeal of "the Order entered" and a motion for a stay of any further proceedings pending the appeal. The trial court denied Hutchinsons' motion for a stay and proceeded to consider the issue of damages.

The next day, on 5 December 2017, the trial court entered a written order dismissing Hutchinsons' motion for a Section 108 hearing. The trial court also entered a written order striking Hutchinsons' original Answer as a sanction for certain discovery violations.

The following week, on 14 December 2017, the trial court entered a final judgment for DOT in the amount of its initial deposit, thereby awarding Hutchinsons no further damages for the taking described in DOT's Complaint, based on the fact

---

[1] A "Section 108" hearing is a hearing authorized pursuant to Section 136-108 of our General Statutes wherein the trial court is to resolve issues concerning the taking *other than* the issue of damages before submitting damages to a jury. N.C. Gen. Stat. § 136-108 (2017).

that Hutchinsons' Answer challenging the amount of the deposit had been stricken. Hutchinsons timely filed s second notice of appeal, an appeal from this final judgment.

## II. Analysis

Hutchinsons makes three arguments on appeal. We address each of Hutchinsons' arguments in turn.

### A. Trial Court's Jurisdiction to Enter Orders After December 4

Hutchinsons argues that the trial court lacked the authority to enter *any* orders after Hutchinsons filed its first notice its appeal on the day of trial, December 4, from the dismissal of its Section 108 motion. For the reasons stated below, we conclude that the trial court retained authority to enter further orders, including the final judgment favorable to DOT entered December 14, even after Hutchinsons noticed an appeal on December 4 from an interlocutory order.

The trial court's orders entered on December 4 and 5, denying two of Hutchinsons' motions and dismissing Hutchinsons' Section 108 motion were interlocutory. Generally, interlocutory orders are not immediately appealable, and an appeal from a nonappealable interlocutory order does not divest the trial court of jurisdiction. *See Veazey v. Durham,* 231 N.C. 357, 364, 57 S.E.2d 377, 382-83 (1950) ("[A] litigant can not deprive the Superior Court of jurisdiction to try and determine

a case on its merits by taking an appeal to the [appellate] Court from a nonappealable interlocutory order of the Superior Court.").

But some interlocutory orders are immediately appealable, such as those which may affect a substantial right. N.C. Gen. Stat. § 1-277 (2017). And the general rule is that a *valid* appeal from an interlocutory order does generally divest the trial court of jurisdiction in a matter, at least with respect with to any matter "embraced" within the order. N.C. Gen. Stat. § 1-294 (2017); *Lowder v. All Star Mills, Inc.*, 301 N.C. 561, 580, 273 S.E.2d 247, 258 (1981) ("The well-established rule of law is that an appeal from a judgment rendered in the Superior Court suspends all further proceedings in the cause in that court, pending the appeal." (internal quotation omitted)). Therefore, any order entered by the trial judge after a valid appeal from an interlocutory order affecting a substantive right has been properly noticed is generally treated as void for want of jurisdiction. *See France v. France*, 209 N.C. App. 406, 410-11, 705 S.E.2d 399, 404 (2011).

But we have also held that a trial court's orders entered following a validly noticed appeal of an interlocutory order *may still be valid* <u>if</u> (1) the trial court continued to exercise jurisdiction under a *reasonable* belief that the interlocutory order was not immediately appealable and (2) the appealing party was not prejudiced by the trial court's continued exercise of jurisdiction. *RPR & Assoc., Inc., v. University of N.C.-Chapel Hill*, 153 N.C. App. 342, 347-49, 570 S.E.2d 510, 514-15 (2002); *see*

*also Plasman v. Decca Furniture*, Inc., ___ N.C. App. ___, ___, 800 S.E.2d 761, 767-71 (2017).

Here, Hutchinsons argues in its appellate brief that the trial court's "ruling on [Hutchinsons'] § 108 Motion for determination of issues other than damages affected a substantial right" and, therefore, its notice of appeal therefrom filed the day of trial divested the trial court of jurisdiction to do anything further. The trial court, nonetheless, proceeded *believing* that it still had jurisdiction to act.[2]

Without deciding whether the trial court's ruling on Hutchinsons' Section 108 motion affected a substantial right, we conclude that the trial court had the authority to proceed for a number of reasons.

First, the trial court reasonably believed that its dismissal of a Section 108 motion did not affect a substantial right based on its conclusion that the motion was not made with ten (10) days' notice as required by Section 136-108. Specifically, as shown in our analysis of the issue in Subsection B. of this opinion below, the trial court reasonably believed that Hutchinsons had no right to have its Section 108

---

[2] We note, as DOT points out, that the copy of Hutchinsons' December 4 notice of appeal in the record does not contain a stamp showing that it was ever filed with the clerk in the courtroom. N.C. R. App. P. 3(a) (stating that an appeal is taken "by filing notice of appeal with the clerk of superior court and serving copies thereof upon all parties . . ."). Indeed, that there are notations on the copies in the record of orders entered on December 4 indicating that they were filed with the clerk in the courtroom. But no such notation appears on the notice of appeal purportedly filed on 4 December. However, Hutchinsons filed a motion to supplement the record on appeal with a copy of the notice of appeal marked with a notation by the clerk that it was filed on December 4. We allow Hutchinsons' motion.

hearing heard.[3]  And, as admitted in Hutchinsons' motion, Hutchinsons was not prejudiced as Hutchinsons was not deprived of its right to pursue its inverse condemnation claims in a separate action.

Second, the trial court may have reasonably believed that its order dismissing the Section 108 motion did not affect a substantial right that would otherwise be lost and, therefore, was not immediately appealable.  Our Supreme Court has held that *certain* orders from a Section 108 hearing determining the extent of the initial taking may be immediately appealable.  *See e.g., DOT v. Rowe*, 351 N.C. 172, 176-77, 521 S.E.2d 707, 710 (1999).  But, here, Hutchinsons was not arguing in its Section 108 motion that the initial taking covered more of the Property than indicated by DOT. Rather, Hutchinsons was contending that the DOT engaged in a further taking *subsequent* to the filing DOT's complaint.  Indeed, Hutchinsons states in its motion that DOT engaged in activities, *e.g.*, storing construction materials, *during* the highway construction on the Property outside of the area originally taken where highway construction on the Property did not begin until after DOT filed its

---

[3] Assuming the trial court was correct in its reasoning in dismissing the Section 108 motion based on inadequate notice, it may be argued that Hutchinsons' appeal was still valid, based on a view that "we do not reach the *merits* of an appellant's claim to that substantial right in answering the threshold [appellate] jurisdictional question." *See Neusoft Med. Systems, USA, Inc., v. Neuisys, LLC*, 242 N.C. App. 102, 107, 774 S.E.2d 851, 855 n.1 (2015).  But there is other authority which suggests that our Court does consider the merits of the claim in considering the threshold jurisdictional question. *See, e.g., Knighten v. Barnhill Contracting Co.*, 122 N.C. App. 109, 112, 468 S.E.2d 564, 566 (1996) (considering merits of the defendant's claim of immunity in dismissing appeal).  Therefore, it was reasonable for the trial court to conclude that its order dismissing Hutchinsons' Section 108 motion was not appealable.

Complaint. Further, Hutchinsons acknowledges in its motion that it would not lose the right to bring a claim for the additional taking it was alleging but could do so through a separate inverse condemnation action.[4]

Third, it appears that Hutchinsons' notice of appeal filed on December 4 was not from the dismissal of the Section 108 motion, as the dismissal was not entered until the next day, but rather from the denial of one of the other two motions heard that day. Indeed, the notice of appeal states that it is from "the Order *entered* . . . and filed on December 4, 2017 . . . [a] copy of the Order from which Defendant undertakes this appeal is attached" (emphasis added). Though our Rules of Appellate Procedure do allow for a notice to be taken from a rendered (oral) order, N.C. R. App. P. 3(a) (stating that a party may appeal from an order "rendered in a civil action"), the language of Hutchinsons' notice of appeal expressly indicates that Hutchinsons was appealing from an order "entered" on December 4 and that the ordered appealed from was physically attached to the notice. It would have been impossible for Hutchinsons to have attached the order dismissing its Section 108 motion to the December 4 notice of appeal, as that dismissal order was not even entered until the next day.

---

[4] Based on Supreme Court precedent, Hutchinsons had the right to have any pending inverse condemnation counterclaim be tried in this action brought by DOT. *See DOT v. Bragg*, 308 N.C. 367, 371, 302 S.E.2d 227, 230 n.1 (1983). But, assuming such right to have it tried in this action is a substantial right, there was not an inverse condemnation yet pending before the trial court, as none had been pleaded in Hutchinsons' Answer. Hutchinsons was attempting to amend its Answer through a motion filed just days before trial to add an inverse condemnation claim. But the trial court, in an exercise of its discretion, denied Hutchinsons' motion to do so.

The two orders which the trial court did enter on December 4 were (1) the order denying Hutchinsons' motion for leave to amend its pleading and (2) the order denying Hutchinsons' motion for a continuance. But Hutchinsons has made no argument on appeal concerning how either December 4 order affected a substantial right such that the trial court was divested of jurisdiction to proceed to trial and enter further orders. *See Hoots v. Pryor*, 106 N.C. App. 397, 403, 417 S.E.2d 269, 273 (1992) (noting that "[a]n appeal from the *denial* of a *motion to amend* a pleading is ordinarily interlocutory and not immediately appealable" (emphasis in original)).

The trial court has now entered a final judgment in this matter, and we therefore have jurisdiction to consider Hutchinsons' other arguments, which we do so below.

B. Timeliness of Section 108 Hearings

Hutchinsons argues that the trial court erred in dismissing its motion for a Section 108 hearing. We disagree.

Hutchinsons contends that on 29 November 2017, five days before trial, it first discovered that DOT was using a portion of the Property outside of that described in DOT's complaint and that on 1 December 2017 it filed a motion for a Section 108 hearing to determine exactly what other portions of the Property DOT was using to facilitate the widening of Highway 268. The trial court dismissed the motion because Hutchinsons filed it less than ten (10) days before trial was to begin.

Section 136-108 of the North Carolina General Statutes states that the trial court shall determine all issues other than just compensation following a party's motion *and ten (10) days' notice*:

> After the filing of the plat, the judge, upon motion and 10 days' notice by either the Department of Transportation or the owner, shall, either in or out of term, hear and determine any and all issues raised by the pleadings other than the issue of damages, including, but not limited to, if controverted, questions of necessary and proper parties, title to the land, interest taken, and area taken.

N.C. Gen. Stat. § 136-108 (2017). Pursuant to this Section, questions of ownership, title to property, and what amounts to the "entire area" affected are determined by the trial court prior to a jury trial, while the issue of just compensation is left to the jury. *See Rowe*, 351 N.C. at 175, 521 S.E.2d at 709.

Hutchinsons contends that failure to provide ten (10) days' notice, though required by the statute, is not fatal to its motion for a Section 108 hearing.

In an excellent, thorough opinion authored by Justice Samuel Ervin, Jr., almost seven decades ago, our Supreme Court stated that notice of a motion is not required where the matter is already pending in a session of court, *unless actual notice is required by some particular statute*:

> The law manifests its practicality in determining "When notice of a motion is necessary". When a civil action . . . is regularly docketed for hearing at a term of court, notice of a motion need not be given to an adversary party, *unless actual notice is required in the particular cause by some statute.*

*Collins v. N.C. State Highway*, 237 N.C. 277, 282, 74 S.E.2d 709, 714 (1953) (concerning a condemnation action brought under Chapter 40 of our General Statutes) (emphasis added).

It could be strongly argued that the ten (10) days' notice required in Section 108 is "actual notice" that "is required in the particular cause by some statute," even where the motion is brought up during a regular session in which the matter is already pending. Indeed, Section 108 expressly states that the 10-day notice provision applies whether the Section 108 motion is filed "either in or out of term[.]" However, a panel of our Court held half a century ago that a trial court may hear a Section 108 hearing without ten (10) days' notice, where the matter is already before the trial court:

> Appellants contend that [Section 136-108] requires notice of ten days before the court can hear the matter to determine issues and that because this notice was not given, the court was without jurisdiction to hear the matter. This contention is without merit. . . . [Our] Supreme Court and this Court have said repeatedly that parties are fixed with notice of all motions or orders made during the session of court in causes pending therein, and the statutory provisions for notice of motions are not applicable in such instances.

*State Highway Comm'n v. Stokes*, 3 N.C. App. 541, 545, 165 S.E.2d 550, 552-53 (1969). The *Stokes* panel, though, did not cite Justice Ervin's opinion in *Collins*. Rather, it cited *Harris v. Board of Education*, in which our Supreme Court states the

general rule that "[p]arties to actions are fixed with notice of all motions or orders made during the term of court in causes pending therein[,]" without stating the exception to this rule for those motions where notice is required in the particular cause by some statute. *Harris v. Bd. of Educ. of Vance Cty.*, 217 N.C. 281, 283, 7 S.E.2d 538, 538 (1940). We note that Justice Ervin, too, cited *Harris*, along with other cases from our Supreme Court, for the proposition that notice *is still required* for motions heard on the day of trial, where notice is required in the particular cause by some statute.

Be that as it may, our Supreme Court has never expressly ruled on the notice provision in Section 108. We are, therefore, bound by *Stokes*, and we must conclude that the trial court erred in determining that it lacked the authority to rule on Hutchinsons' motion for a Section 108 hearing on the scheduled trial date.[5]

In any event, we hold that any error by the trial court in dismissing Hutchinsons' Section 108 motion based on untimely notice was not prejudicial. Indeed, Hutchinsons conceded in its motion that it did not lose the right to seek compensation for any subsequent taking by DOT in a separate inverse condemnation action. *Bragg*, 308 N.C. at 371, 302 S.E.2d at 230 n. 1.

### C. Motion to Continue

---

[5] A trial court may, of course, *deny* a Section 108 motion to add property interests based on the fact that the landowner waits until the day of trial to bring the motion. But, based on *Stokes*, the trial court always has the authority to hear the motion.

Hutchinsons argues that the trial court erred in denying its motion to continue the trial. (This was one of the two orders denied on the day of the scheduled trial.) "Denial of a motion for a continuance is [generally] reviewable on appeal only for abuse of discretion." *In re Will of Yelverton*, 178 N.C. App. 267, 274, 631 S.E.2d 180, 184 (2006). "If, however, a motion to continue is based on a constitutional right, then the motion presents a question of law which is fully reviewable on appeal." *State v. Smith*, 310 N.C. 108, 112, 310 S.E.2d 320, 323 (1984).

This appeal involves Hutchinsons' rights under the constitutional doctrine of eminent domain. Specifically, Hutchinsons asserts that the trial court should have granted its request for a continuance because DOT did not file the plat until September 2017 – three months before the scheduled trial – and, therefore, it was impossible, or at least ineffectual, for Hutchinsons to ascertain how much of the Property was being taken until that point. Though it is true that DOT did not make timely delivery of its plat, we note that Hutchinsons' also failed to timely comply with discovery requests.

Based on our review of the record, we conclude that the trial court did not abuse its discretion by refusing to grant Hutchinsons' motion for a continuance, a motion which was not filed until the week before the scheduled trial date, over two months after DOT filed the plat.

### III. Conclusion

Hutchinsons makes no arguments challenging the trial court's decision to strike its answer and enter final judgment, apart from its argument that the trial court did not have jurisdiction to enter those orders. Therefore, based on the our review of the arguments before us, we find no prejudicial error in the trial court's decision to dismiss and deny Hutchinsons' motions and affirm the final judgment of the trial court.

AFFIRMED.

Judge MURPHY concurs.

Judge ARROWOOD concurs in result only.